HEARD, Judge.
This is a tort action by Homer Vascoe, doing business as National Motors, against State Farm Mutual Automobile Insurance Company, liability insurer of Nell Bowden.
On October 2, 1970 at about 6:00 o’clock A.M. the Vascoe vehicle, driven by Harold W. Zumwalt, stalled on Linwood Avenue. It is undisputed that Zumwalt was neither agent nor servant of Vascoe. As the shoulders on Linwood are somewhat narrow, the car was left protruding on the highway and it is disputed how much the vehicle obstructed the lane of traffic. It was dark at this time and also in dispute is whether or not the vehicle was left lighted. After the vehicle stalled Zumwalt’s companion left the scene to get help and it was then struck in the rear by a vehicle driven by Miss Jeannie Bowden, daughter of Nell Bowden, who was driving with her mother’s permission. Vascoe brought this action to recover damage to his automobile.
The trial judge rendered judgment rejecting Vascoe's demands and he perfected a devolutive appeal.
The trial judge held that the burden of proof of negligence lay with plaintiff and he had failed to sustain this burden due to the conflicting testimony and failure to call as witnesses two men who saw the accident.
It cannot be denied that the testimony is directly conflicting. Zumwalt stated the car .obstructed the lane only about a foot and a half and that the lights were left on. Jeannie Bowden stated that the car was “ . . . more toward the middle of the *163 lane than toward the edge of the road . ” and the lights were not on. With this conflicting testimony this case resolves itself into a question of who had the burden of proof. If Vascoe had the burden of proving negligence on the part of Miss Bowden, he has failed to sustain it. If State Farm had the burden of exonerating their insured’s daughter from negligence, it has likewise failed to sustain it.
Vascoe has cited cases for the proposition that a motorist who runs into another vehicle from the rear is presumed negligent and bears the burden of exculpating himself from the inference of negligence. See Strother v. State Farm Mutual Automobile Insurance Company, La.App., 238 So.2d 774 (1st Cir. 1970) and cases cited therein.
There appears to be an exception to this presumption of negligence where the motorist encounters an unexpected or unusual obstruction such as a stalled, unlighted vehicle in the highway. See Arnold v. Grain Dealers Mutual Insurance Company, La.App., 190 So.2d 261 (4th Cir. 1966) and cases cited therein.
Vascoe was in the better position to prove the location of the vehicle and the status of the lights. He elected not to call Zumwalt’s two companions who also witnessed the accident. We can only conclude that their testimony would have damaged Vascoe’s position and are, therefore, satisfied that the facts surrounding the accident are as stated by Jeannie Bowden.
We hold that Jeannie Bowden is not presumed to be negligent as she encountered an unusual and unexpected obstruction in the road. We further hold that Homer Vascoe failed to sustain the burden of proving Jeannie Bowden’s negligence.
For the reasons stated, the judgment appealed from is affirmed with costs to be borne by Homer Vascoe d/b/a National Motors.