COVINGTON, Judge.
This is an appeal from a summary judgment in favor of defendants, Dennis Magee, Fred Magee, Fidelity & [and] Casualty Insurance Company of New York, Allstate Insurance Company, Mr. and Mrs. Ellis Bennett, and Bobby Wade Thomas, dismissing the petition for damages filed by plaintiffs, Willie F. Hobgood and his wife, Arlene Hobgood, individually and as the representative and natural tutor to their minor son, Keith Hobgood, on a motion filed by all defendants. We reverse and remand.
In their capacity as parents and administrators of the estate of their 14-year old son and individually, Mr. and Mrs. Hobgood sued the two alleged tortfeasors, Dennis S. Magee and Bobby Wade Thomas (the father of Magee and the parents of Thomas were also joined as defendants), the insurer of the Magee vehicle, Fidelity and Casualty Insurance Company of New York, and the uninsured motorist carrier of the Hobgoods, Allstate Insurance Company. The gist of the petition was to the effect that the concurrent negligence of Magee and Thomas, obstructing a public highway, caused the Hobgood youth, operating a Honda motorcycle, to run into the rear of the Magee vehicle, severely injuring the plaintiffs’ son.
A reading of the pleadings, depositions of Dennis Magee and Keith Hobgood, and affidavit of Willie F. Hobgood convinces us that the trial judge committed manifest error in sustaining defendants’ motion for summary judgment. The case is not in a posture for summary judgment. There is a genuine issue of material fact: How did the accident happen? Whose fault caused the accident? The record as it stands does not show these facts with any degree of certainty.
Summary judgments, needless to say, should be sparingly granted. Seldom, if ever, is summary judgment available in a vehicular accident case, which depends so much on the trier of fact’s actual observance of the witnesses and determination of the credibility of the witnesses. The courts have repeatedly held that a motion for summary judgment is not a substitute for a trial on the merits. State Farm Fire & Casualty Company v. Sentry Indemnity Company, 316 So.2d 185 (La.App. 3 Cir. 1975). In determining the genuineness of the issue, the courts are not permitted to consider the merits of the fact at issue, the credibility of witnesses, or whether the party who is alleging the fact will be able to sustain the burden of proving it. Fly v. Hand, 376 So.2d 1016 (La.App. 1 Cir. 1979).
It also appears from the trial judge’s written reasons for judgment that he considered that Keith Hobgood was negligent or contributorily negligent, as a matter of law. Although there is a presumption of negligence when the following motorist strikes a preceding motorist from the rear, LSA-R.S. 32:81; Williams v. State Farm Insurance Company, 273 So.2d 680 (La.App. 1 Cir. 1973), the law does not declare that under all circumstances the following motorist who rear-ends a preceding motorist is positively negligent. Each case must be decided on its own particular facts and circumstances. Picou v. Allstate Insurance Company, 206 So.2d 99 (La.App. 4 Cir. 1968).
*118 In Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561, 565 (La.1978), the Court stated:
“It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Andrew Development Corp. v. West Esplanade Corporation, 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Stallings v. W. H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Andrew Development Corp. v. West Esplanade Corporation, supra; Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Andrew Development Corp. v. West Esplanade Corporation, supra; Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).”
Under LSA-C.C.P. art. 966, it is only where there is no genuine issue of a material fact and the mover is entitled to judgment as a matter of law that the motion for summary judgment can be granted. Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977). The summary judgment granted by the trial court in favor of defendants is reversed.
Allstate answered the appeal and asked for damages for this allegedly frivolous appeal. The request for damages is denied. LSA-C.C.P. art. 2164.
The case is remanded for a trial on the merits. Costs of this appeal are taxed against defendants-appellees; all other costs are to await the final disposition of this case.
REVERSED AND REMANDED.