KLEES, Judge.
This suit arose as a result of a rear-end collision between the plaintiff, John Tus-son, and the defendants, Phillip Mason, Hiram Mason and Allstate Insurance Company. Mr. Tusson brought suit against Phillip Mason, Hiram Mason and Allstate Insurance Company, alleging their liability for his damages because of the failure of Phillip Mason to maintain proper control and failure to stop.
The Civil District Court for the Parish of Orleans, Revius 0. Ortique Jr., Judge, entered a judgment in favor of defendants based on the theory that plaintiff was found to be contributorily negligent. From this judgment Tusson appeals, presenting the following issues: 1. the trial court failed to grant plaintiff a fair trial; 2. the trial court erred in excluding a written declaration against interest of the defendant-appellee; and 3. there was no factual basis for the jury to find contributory negligence on plaintiff-appellant’s part. For the following reasons we affirm the judgment of the trial court.
FACTS
On or about May 19, 1979, the plaintiff, Tusson, was attempting to merge onto the S. Claiborne Overpass from the Mississippi River Bridge exit, at which time he was struck from the rear by an automobile owned by Hiram Mason and operated by Phillip Mason. At the time of the accident, Phillip Mason was positioned directly behind Tusson, also attempting to merge onto the S. Claiborne Overpass, when Tusson abruptly stopped. Mason, apparently believing Tusson to be proceeding forward, began to accelerate forward at which time he rear-ended Tusson.
Plaintiff, Tusson, does not allege any property damage, but does claim that he suffers severe and painful recurrence of pre-existing problems. Tusson alleges that he suffers from severe headaches accompanied with severe emotional stress and anxi *27 ety, and also physical and mental pain due to aggravated hypoglycemia, inner ear and central nervous system difficulties.
With regard to the issue of fairness of the trial as a whole, this court has considered the record in this matter and is unable to find any discrimination or prejudice involved in the proceeding to establish an unfairness to the plaintiff’s right to a fair trial.
Concerning the issue of the trial court’s decision to exclude the written declaration against interest of the defendant, Phillip Mason, it has been held in Briggs v. Pellerin, 428 So.2d 1087 (La.App. 1st Cir.1983) and Guidry v. Houston General Ins. Co., 396 So.2d 578 (La.App. 3rd Cir.1981), that:
“to qualify under the declaration against interest exception to the hearsay rule, a statement must have been made by a person not available.”
As Phillip Mason testified concerning the written statement and its contents, the trial Judge was correct in excluding the declaration against interest from being introduced into evidence. If Phillip Mason would have denied making the statement or its contents, or was unavailable for testimony, then it is possible that the document should not have been excluded.
The last issue to be considered was whether or not there was a factual basis for the jury to find contributory negligence on plaintiff-appellant’s part. It is well settled that:
“Although there is a presumption of negligence when the following motorist strikes a preceding motorist from the rear ... the law does not declare that under all circumstances the following motorist who rear-ends a preceding motorist is positively negligent. Each case must be decided on its own particular facts and circumstances.” [citations omitted]
Hobgood v. Fidelity & Casualty Ins. Co., 392 So.2d 116 (La.App. 1st Cir.1980).
Further in Lewis v. Variste, 422 So.2d 222 (La.App. 4th Cir.1982); Cisneros v. Ferro, 411 So.2d 1212 (La.App. 4th Cir.1982) and Layfield v. Altazan, 255 So.2d 363 (La.App. 1st Cir.1971), our courts have held:
“Following motorists have escaped liability for rear-end collision by establishing that the unpredictable driving of the preceding motorist created a sudden emergency that the following motorist could not reasonably have anticipated.”
In the case at hand, defendant, Phillip Mason, is presumed to be negligent, and indeed, in argument before this court admits his negligence yet urges the negligence of Tusson. On the facts presented at trial the jury returned a verdict that plaintiff, Mr. Tusson, was contributorily negligent. Based on the testimony presented in the record there is sufficient proof that the jury could conclude that it was reasonable for Mason to presume that Tusson would proceed forward, and that Tusson’s action of stopping abruptly for no apparent reason made him contributorily negligent.
“Questions of fact are generally left to the jury and the findings should not be disturbed unless they are clearly wrong.”
Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
It is this court’s opinion, after examining the evidence and reviewing the testimony, that the jury was not clearly wrong in determining that plaintiff, Tusson, was con-tributorily negligent.
Accordingly, for the reasons above, the judgment of the trial court is hereby Affirmed.
AFFIRMED.