544 So.2d 1260 (1989)
Herbert John DAIGLE, Jr.
v.
Oswald WHITE, Vaughn Equipment and Trucks, Inc., and International Surplus Lines Insurance Company.
No. 88-CA-1733.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 1989.
*1261 Leon A. Aucoin, Thomas J. Eppling, Law Offices of Leon A. Aucoin, Metairie, for appellees.
Darleen M. Jacobs, New Orleans, for appellant.
Before GARRISON, ARMSTRONG and BECKER, JJ.
GARRISON, Judge.
On December 16, 1985, plaintiff, Herbert Daigle, was injured when the vehicle he was driving was struck from behind by a vehicle driven by defendant Oswald White. Plaintiff filed suit seeking damages for injuries sustained in the accident against White; Vaughn Equipment and Trucks, Inc., White's employer and owner of the truck driven by White; and International *1262 Surplus Lines Insurance Company, the liability insurer of Vaughn Equipment and Trucks, Inc. Plaintiff alleged that defendant White's negligence was the sole and proximate cause of the accident in question and of plaintiff's resulting injuries.
After trial on the merits, the trial judge rendered judgment in favor of plaintiff and against defendants jointly, severally and in solido in the full sum of $6,500.00 together with legal interest from the date of judicial demand until paid and all costs. This judgment was based on interrogatories which the jury answered as follows:
"1. Do you find that Oswald White was negligent, in whole or in part, for the accident?
Yes X No ___
If no, the foreperson should sign this paper and notify the Court.
If yes, proceed to No. 2.
2. Was this negligence a proximate cause of the injuries?
Yes ___ No X
If no, the foreperson should sign this paper and notify the Court.
If yes, proceed to No. 3.
3. Do you find that plaintiff, Herbert John Daigle, Jr. was negligent, in whole or in part, for the accident?
Yes ___ No X
If no, proceed to No. 6.
If yes, proceed to No. 4.
4. Was this negligence a proximate cause of the injuries?
Yes___ No___
If yes, proceed to No. 5.
If no, proceed to No. 6.
5. What percentage of negligence that was a proximate cause of the injuries, if any, do you attribute to the following parties?

Oswald White 100% %
 --------
Herbert John Daigle ________ %
 TOTAL 100%

NOTE: total percentages must equal 100%.
6. What amount of damages, if any, would be fair compensation for Herbert John Daigle, Jr.? $6,500"
In response to the apparent inconsistencies in the jury's responses to these interrogatories, the plaintiff filed a motion for new trial. The trial judge denied that motion finding that although the jury's answer to interrogatory number two was that the defendant White's negligence was not the proximate cause of plaintiff's injuries, the response to interrogatory number five that 100% of the fault was attributable to White clarified the verdict and the inconsistencies in the jury's answers. The plaintiff appealed the trial court's denial of the motion for new trial and the defendants answered the appeal.
On appeal, the plaintiff argues that the trial court was manifestly erroneous in failing to grant the motion for new trial. The defendants argue that the plaintiff did not object to the inconsistencies of the jury verdict at the end of trial and, therefore, cannot now raise this issue on appeal. Alternatively, the defendants argue that the trial court judgment should be upheld because the general verdict of the jury was consistent with the evidence presented at trial.
Defendants cite the case of Bourque v. Gulf Marine Transportation, Inc., 480 So.2d 337 (La.App. 3rd Cir.1985), in support of their argument that plaintiff's failure to object to the inconsistencies of the jury verdict at the end of trial precludes him from raising the issue on appeal. However, the Bourque case states that one is precluded from raising that issue on appeal only if he fails to object at the reading of the verdict or afterward in post-trial motions. In this case, plaintiff's post-trial motion for new trial clearly demonstrated his objection to the inconsistencies in the jury verdict. Therefore, plaintiff is not precluded from raising this issue on appeal.
LSA-C.C.P. art. 1813(E), dealing with general verdicts accompanied by answers to interrogatories, states as follows:
"When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry *1263 of judgment but may return the jury for further consideration of its answers or may order a new trial."
Because this article is applicable in this case, we find that the trial judge committed reversible error in directing the entry of the judgment in plaintiff's favor and that he should have either returned the jury for further consideration of its answers or ordered a new trial. Woods v. Cumis Insurance Society, Inc., 364 So.2d 213 (La.App. 4th Cir.1978). Therefore, the only remaining question in this case is whether this case should be remanded for a new trial or should be decided on the record by this court.
Despite the above-mentioned reversible error, judicial economy dictates that we decide this case due to the fact that the entire case was heard at trial and we have the complete record for review. Crochet v. Maryland Casualty Insurance Company, 401 So.2d 439 (La.App. 1st. Cir.1981); writ denied at 406 So.2d 626 (La.1981).
In this case, the record reveals that the vehicle driven by defendant White struck the vehicle driven by plaintiff from the rear at the intersection of Tulane Avenue and South Rampart Street in New Orleans. According to plaintiff's testimony and a statement signed by White at the scene of the accident, the collision occurred while plaintiff was stopped at a red light. At trial, White claimed that he could not see the statement that he signed and that, in fact, the light was yellow when plaintiff stopped and the accident occurred. The statement signed by White also stated that his brakes failed as he attempted to stop behind plaintiff's vehicle at the intersection.
LSA-R.S. 32:81 A states:
"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."
It is well established that a motorist who strikes a preceding motorist from the rear is presumed to have breached the standard of conduct prescribed in LSA-R.S. 32:81 and is therefore presumed negligent. Lewis v. Variste, 422 So.2d 222 (La.App. 4th Cir.1982); State Farm Mutual Automobile Insurance Company v. Hoerner, 426 So.2d 205 (La.App. 4th Cir.1982), writ denied at 433 So.2d 154 (La.1983). The burden is then shifted to the following motorist to prove that he was not negligent. Lewis v. Variste, supra.
In order to exculpate himself, the following motorist who collides with a preceding vehicle must show that he kept his vehicle under control, that he closely observed the forward vehicle, and that he followed at a safe distance under the circumstances, or that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid. State Farm Mutual Automobile Insurance Company v. Hoerner, supra. The defendant might also escape liability if he proves that the harm was caused by the fault of a third person or by an irresistible force. Loescher v. Parr, 324 So.2d 441 (La.1975).
In this case, because the defendant White's vehicle struck plaintiff's preceding vehicle from the rear, White is presumed negligent in this accident according to the jurisprudence cited above. White sought to exculpate himself from this presumption of negligence by his statements that plaintiff stopped his truck abruptly at a yellow intersection light and that White's brakes failed when he tried to stop his vehicle.
Even if White's testimony that plaintiff stopped while the light was yellow is accepted as true, such an action by the plaintiff would not have been a negligent hazard created by the plaintiff which White could not have reasonably avoided. To the contrary, stopping a large truck at a yellow light in a busy intersection would be the prudent thing to do. Furthermore, not only did the plaintiff testify that he was stopped at the red light when the accident occurred, but White signed a statement to that effect at the scene of the accident.
White's signed statement that his brakes failed as he attempted to stop his vehicle is not enough to exculpate him from the presumption *1264 of his negligence in this accident. The only evidence supporting this claim was the statement signed by White at the scene of the accident. No expert witnesses were called by defendant to substantiate this claim. Therefore, White did not carry his burden of proving that his brakes failed so as to exculpate himself from liability in this case by proving that the harm was caused by the fault of a third person. Loescher v. Parr, supra.
Based on the record in this case, we find that this accident was caused solely by the negligence of Oswald White and that the plaintiff, Herbert Daigle, was not contributorily negligent in any way. Thus, the only remaining issue is damages.
Following the accident, the plaintiff initially complained of injuries to the neck and lower back. Dr. Daniel Seltzer, an orthopedic surgeon, treated plaintiff one month after the accident and diagnosed that plaintiff was suffering from acute cervical and lumbar strain. Dr. Seltzer prescribed medication for these injuries and sent plaintiff to a neurologist to have an electrical muscle study and a nerve conduction study performed.
The results of the electrical muscle study were normal but the nerve conduction study revealed a marked bilateral carpal tunnel syndrome which is a condition of the wrist bones characterized by numbness, pain and tingling sensations in the fingers. However, the neurologist opined that this syndrome was not related to the accident. Rather, he stated that this condition is common among people who use their hands in their professions.
An orthopedic surgeon who examined plaintiff almost two years later found no objective evidence of carpal tunnel syndrome and stated that even if plaintiff suffered from this syndrome earlier, the fact that plaintiff had several symptom-free months while experiencing this syndrome indicates that the syndrome was not caused by trauma.
In light of the medical bills incurred by plaintiff and the neck and back injuries suffered by him in this accident, we find that an award of $6,500.00 in this case is appropriate. Therefore, judgment is hereby rendered in favor of plaintiff and against defendants jointly, severally and in solido in the full sum of $6,500.00 together with legal interest from the date of judicial demand until paid and all costs.
JUDGMENT RENDERED.