602 So.2d 1104 (1992)
Delores Boyd MORRISON
v.
Sandy B. GONZALEZ, et al.
No. CA 91-1048.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Robert P. Cuccia, Houma, for plaintiff and appellee Delores B. Morrison.
Matthew J. Ungarino, Metair, for defendant and appellant Metropolitan Ins. Co.
Denis Gaubert, III, Thibodaux, for defendant, appellee S. Gonzalez, et al.
Randall Alfred, Houma, for defendant, appellee Victor Gonzalez M.D., et al.
Jerry Schwab, Houma, for defendant, appellee State Farm.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an action for damages for personal injuries resulting from a three-car, rearend collision which occurred on U.S. Highway 90 in Lafouche Parish on September 23, 1988. The trial court granted summary judgment in favor of defendants Sandy Gonzalez and her husband, Victor Gonzalez, M.D. and their liability insurer, Government Employees Insurance Company ("GEICO") dismissing them from this action with prejudice. Plaintiff, Delores Morrison, has not appealed. Her uninsured/underinsured motorist carrier, Metropolitan Property and Liability Insurance Company ("Metropolitan") has appealed the district court's ruling on summary judgment. An answer to the appeal, which contests the court's assessment of costs, was filed by the Gonzalezs and their liability insurer.
*1105 We amend the judgment of the trial court as to the assessment of costs, and dismiss Metropolitan's appeal.
On the date in question a vehicle owned and operated by Sandy Gonzalez, and insured by GEICO, was proceeding in a westerly direction on U.S. Highway 90 in the Bayou Blue community of Lafouche Parish. The vehicle was stopped in the roadway, preparing to execute a left turn into a private driveway at the time of the collision.
At the same time, a vehicle owned and operated by Lawrence Ward, and insured by State Farm, was proceeding in the same direction on Highway 90. The Ward vehicle was occupied by plaintiff, Delores Morrison, a guest passenger. Ms. Morrison had personal uninsured/underinsured motorist coverage with Metropolitan. The Ward vehicle collided with the rear portion of the Gonzalez vehicle. At the same time, the Ward vehicle was struck from the rear by a vehicle owned by Ernest Autin, operated by Peggy Autin and insured by Old Hickory Insurance Company. This third vehicle was also being operated in the westbound lane of Highway 90.
On December 29, 1988, plaintiff, Delores Morrison, filed a petition for damages against all owners, drivers and insurers involved in the September 23, 1988 accident. She also filed an action against Metropolitan, her personal uninsured/underinsured motorist carrier.
The defendants answered the suit and filed various cross-claims for indemnity and contribution.[1]
On June 7, 1990, the Gonzalezs and their liability insurer, GEICO, filed a motion seeking summary judgment on the issue of Ms. Gonzalez' liability. In the alternative a continuance of the trial was sought. On June 15, 1990, the trial court signed a judgment granting the Gonzalez' motion for summary judgment against the plaintiff, Ms. Morrison, on the main demand and against various owners/drivers and liability insurers, as well as the plaintiff's uninsured/underinsured motorist carrier on the incidental demands (i.e., cross claims). The motion for continuance was denied.
On June 20, 1990, plaintiff and defendant, Larry Ward and his insurer, State Farm, were granted an order of dismissal, following the settlement of their claims. An order granting a dismissal of all cross claims by Ms. Gonzalez and her insurer, GEICO, was granted on October 18, 1990.
On October 11, 1990, Metropolitan filed a devolutive appeal from the trial court's ruling on summary judgment.[2] On June 28, 1991, the Gonzalezs and their insurer answered the appeal.
The issues presented on appeal are: (1) Is the appeal by Metropolitan moot? and, (2) Did the trial court err in its assessment of costs?

METROPOLITAN'S APPEAL
In response to the plaintiff's petition against it Metropolitan filed an answer denying liability on the basis of its insured's negligence. In the alternative, Metropolitan filed cross claims against all defendant owners/drivers and liability insurers involved in the accident, seeking indemnity.
On appeal defendants, the Gonzalezs, and their insurer, GEICO, contend that the Metropolitan appeal is moot. We agree the appeal should be dismissed, and we do not reach the issue of the merits of the summary judgment.
The rights of an uninsured/underinsured motorist carrier are statutorily prescribed. R.S. 22:1406. The statute specifically provides the carrier with reimbursement rights. R.S. 22:1406(D)(4). Niemann v. Travelers Ins. Co., 368 So.2d 1003 (La.1979). The statute reads in pertinent part: *1106 R.S. 22:1406 Specific duties of casualty and surety division; uninsured motorist coverage
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(4) In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.
Thus, the uninsured/underinsured motorist carrier has no independent right of recovery against the tortfeasor. Sharp v. Daigre, 555 So.2d 1361 (La.1990). When the carrier makes payment under its policy to the insured, the carrier becomes subrogated, in the measure of what it has paid, to the insured's right of action against the tortfeasor (i.e., indemnity). Bosch v. Cummings, 520 So.2d 721 (La.1988). If the insured has already discharged the tortfeasor from his obligation, the carrier cannot acquire the insured's right against the tortfeasor, because it no longer exists. Bosch v. Cummings, supra. Pace v. Cage, 419 So.2d 443 (La.1982).
In the instant case, prior to any payment by the uninsured/underinsured carrier to its insured, the actions of the insured extinguished any rights which its uninsured/underinsured motorist carrier would have had as against the alleged tortfeasor.[3]
The record reflects that at the hearing on the motion for summary judgment, plaintiff and her liability insurer conceded the fact that Ms. Gonzalez was not negligent. Accordingly, plaintiffs did not appeal the trial court's dismissal of the Gonzalezs and their liability insurer by the grant of summary judgment.
This judgment, as to plaintiffs, is final and extinguishes any rights which they would have had to proceed against these defendants. See: Finwall v. Union Oil Co. of California, 551 So.2d 674 at 676 (La.App. 1st Cir.1989).
Thus, in this case, the insured has no remaining rights against this alleged tortfeasor. Consequently, the uninsured/underinsured motorist carrier has no rights which it can acquire, even were it to make payment to its insured under its policy whether the rights of the insured against the tortfeasor are extinguished by settlement or final judgment. Metropolitan neither has, nor can it acquire any rights against this defendant and her insurer. We recognize the right of the Gonzalezs on our own motion. La.C.C.P. Art. 929. We are not called upon to decide at this point the effect of the dismissal of the tort-feasor by the insured on any claims between the insured and the uninsured motorist carrier.

ASSESSMENT OF COSTS
Finally, in answer to this appeal Sandra Gonzalez and her insurer complain that the trial court erred in its judgment on the motion for summary judgment when it ordered each party to bear their own costs.
Louisiana Code of Civil Procedure Article 1920 provides for an assessment of costs:
Art. 1920. Costs, parties liable; procedure for taxing
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
In Polk Chevrolet Inc. v. Webb, 572 So.2d 1112 (La.App. 1st Cir.1990), writ denied *1107 575 So.2d 394 (La.1991), we discussed the issue of the assessment of costs. We stated in Polk Chevrolet Inc. id at 1116:
While it is a general rule the party cast in judgment should be taxed with costs, the trial court may assess costs of a suit in any equitable manner. La.C.C.P. art. 1920; Ratcliff v. Town of Mandeville, 551 So.2d 761 (La.App. 1st Cir.1989), writ denied, 556 So.2d 37 (La.1990); Laughlin v. Breaux, 515 So.2d 480 (La.App. 1st Cir.1987); Wells v. Allstate Insurance Company, 510 So.2d 763 (La.App. 1st Cir.), writ denied, 514 So.2d 463 (La. 1987). Upon review, a trial court's assessment of costs can be reversed by this court only upon a showing of an abuse of discretion. Ratcliff v. Town of Mandeville, 551 So.2d at 763; Laughlin v. Breaux, 515 So.2d at 485; Wells v. Allstate Insurance Company, 510 So.2d at 769. When a prevailing party is taxed with the costs of litigation, it is usually because that party in some way incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against it. Laughlin v. Breaux, 515 So.2d at 485; Wells v. Allstate Insurance Company, 510 So.2d at 769.
In this case the trial court did not specify its reasons for the cost assessment. However, we note that there is no showing in the record that Ms. Gonzalez and her insurer caused costs to be incurred pointlessly or engaged in other conduct justifying the assessment of costs against them. We, therefore, find that the trial court abused its discretion in assessing costs equally between these parties. All costs should have been assessed the parties cast.
For the reasons stated the appeal by Metropolitan Property and Liability Insurance Company is dismissed at its costs. The trial court judgment assessing the Gonzalezes and GEICO with trial court costs is reversed, and all costs incurred by the Gonzalezes and GEICO shall be assessed in a final judgment on the merits.
AMENDED AND AFFIRMED.
SHORTESS, J., dissents in part with reasons.
SHORTESS, Judge, dissenting in part.
The majority states this judgment is definitive as to plaintiffs, extinguishing their rights against the Gonzalezes and GEICO, and thus Metropolitan has no remaining rights against them. But this judgment is not definitive until we have ruled on it.
Metropolitan clearly has a right to appeal the judgment dismissing the Gonzalezes and GEICO. A party to a suit has an unqualified right to appeal from an adverse final judgment; it need not show a direct pecuniary interest in order to be entitled to appeal. Emmons v. Agricultural Insurance Co., 245 La. 411, 158 So.2d 594 (1963); Andrade v. Shiers, 516 So.2d 1192, 1193 (La.App. 2d Cir.1987). A party need not have a judgment directly against it in order to appeal that judgment. Delanzo v. ABC Corp., 572 So.2d 648, 650 (La.App. 5th Cir. 1990); Andrade, 516 So.2d at 1193. Metropolitan is a party aggrieved; it has an actual interest in the appeal and the correctness of this judgment. La.C.C.P. arts. 2082, 2085, 2086.
If this court heard the merits of Metropolitan's appeal and reversed the summary judgment, the suit against the Gonzalezes and GEICO would be reinstated, not just as to Metropolitan but as to all parties. See Andrade, 516 So.2d at 1196. Metropolitan's right of action would then be restored. The majority is premature in dismissing Metropolitan's appeal on the ground that it has no right of action without first finding the trial court was correct in granting summary judgment in favor of the Gonzalezes and GEICO.
I respectfully dissent from the portion of the judgment dismissing Metropolitan's appeal.
NOTES
[1] For purpose of this appeal, the only cross claim of concern is the one filed by Metropolitan against the various named defendant owners, drivers and their insureds wherein indemnity is sought.
[2] No appeal was filed by plaintiffs and their insurer from the grant of summary judgment.

Additionally, we previously held the appeal timely because of the removal of the matter to federal court after the judgment was rendered and prior to the appeal being filed.
[3] Bosch holds that subrogation does not take place under the uninsured motorist statute until actual payment is made. Consequently, if the insured's cause of action is extinguished prior to payment, the insurer never acquires a right against the tortfeasor. This distinguishes the instant case from Andrade v. Shiers, 516 So.2d 1192 (La.App. 2nd Cir.1987), which dealt with a homeowner's policy where the insured homeowner had an ongoing interest in their insurer defending plaintiff's claim against them where summary judgment had determined plaintiff was an insured and thus could not proceed against the liability portion of the policy.