762 So.2d 761 (2000)
Michael SALLINGER
v.
Glenn ROBICHAUX d/b/a Robichaux Quick Stop and Essex Insurance Company.
No. 98 CA 2160R.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
*762 Darleen M. Jacobs, New Orleans, Counsel for PlaintiffAppellantMichael Sallinger.
Gerald A. Melchiode, New Orleans, Counsel for DefendantsAppellees Glenn Robichaux d/b/a Robichaux Quick Stop, and Essex Insurance Company.
Before: GONZALES, FITZSIMMONS, and WEIMER, JJ.
FITZSIMMONS, J.
This matter has been remanded by the Louisiana Supreme Court: 1) to ascertain the merits of plaintiff's right to raise, for the first time on appeal, the issue of the jury's failure to award general damages *763 when special damages had been awarded; and 2) to reexamine the allocation of costs.[1]

GENERAL DAMAGES

LEGAL ERROR
In Marcel v. Allstate Insurance Company, 536 So.2d 632 (La.App. 1st Cir. 1988), writ denied, 539 So.2d 631 (1989), this court pronounced that the inconsistency of the jury's award of medical expenses when it has simultaneously failed to award general damages constituted an error of law, and the appellate court "must assess, res nova, the amount of damages appropriate under the circumstances." Marcel, 536 So.2d at 635. While a judgment notwithstanding the verdict is a suitable means of correcting this legal error at the trial level (see Chambers v. Graybiel, 25,840 p.9 (La.App. 2nd Cir.6/22/94), 639 So.2d 361, 367, writ denied, 94-1948 (La.10/28/94), 644 So.2d 377), there is no indication that prior to the appeal in Marcel, the plaintiff did, or did not, file a J.N.O.V. or a motion for new trial.
Louisiana Code of Civil Procedure article 1811 (which addresses a motion for judgment notwithstanding the verdict), La. C.C.P. art. 1951 (providing for amendments by the trial court of a final judgment), and La. C.C.P. art. 1971, et seq. (dealing with a motion for new trial) are not presented as prerequisite pleadings to preserve the right to take an appeal on the same issue(s). Moreover, La. C.C.P. art. 1971 specifically authorizes "the court on its own motion" to grant a new trial "on all or part of the issues, or for reargument only."
The requirement of an objection to jury instructions, associated with La. C.C.P. art. 1793, pertains to jury instructions "before... or immediately after the jury retires" to consider its verdict. That procedural article does not extend to objections posed after the verdict is rendered. In this regard, it is pertinent to note that the filing of a judgment notwithstanding the verdict or motion for new trial is not required to be contemporaneous with the time of the jury verdict; the rationalization that the use of either of these procedural avenues is an appropriate requirement to an appeal is, therefore, fatuous. The J.N.O.V. or motion for new trial is often asserted after the jury is no longer impaneled, obviating any possibility of sending the matter back to the jury for reconsideration toward a legally correct verdict.
In the instant matter, it is clear error of law for the jury to award special damages for personal injury and, at the same time, refuse to award general damages for injuries. The precepts of La. C.C.P. art. 1813 direct the trial courts as follows, in pertinent part:
E. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers or may order a new trial. (underlining supplied)
Thus, the trial court, in the matter sub judice, was remiss in its failure to correct the legal error of the inconsistent verdict. In circumstances involving the existence of prejudicial legal errors at the trial level, an appeal is an appropriate procedural course of action to rectify the judiciary's legal error at the trial level. If an otherwise intact record exists, the appellate court is required to review the record de novo and determine the essential facts pursuant to the correct law. See Panyanouvong v. T & H Convenience *764 Store, Inc., 97-2727, p.3 (La.App. 1st Cir.12/28/98), 734 So.2d 9, 12, writ denied, 99-1839 (La.10/15/99), 748 So.2d 1148; Bell v. Ayio, 97-0534, p.4 (La.App. 1st Cir.11/13/98), 731 So.2d 893, 897, writ denied, 98-3115 (La.2/5/99), 738 So.2d 7.

GENERAL DAMAGE AWARD
Dr. S. Daniel Seltzer, plaintiffs treating orthopedic surgeon, testified that, although the plaintiff, Mr. Sallinger, had preexisting degenerative disc degeneration at the L5-S1 disc levels, the trauma had, at a minimum, exacerbated that condition. Dr. Seltzer also stated that Mr. Sallinger had a bulging disc and had possibly sustained a disc herniation. He restricted him from activities involving stooping, squatting, bending and twisting. Mr. Sallinger was assigned a ten to fifteen percent whole body disability rating, which Dr. Seltzer indicated was probably a permanent one. Finally, Dr. Seltzer depicted Mr. Sallinger as a candidate for a future L5-S1 laminectomy, in the event that the condition continued to deteriorate.
The jury awarded Mr. Sallinger $8,406.81 in past medical expenses and $5,000.00 in future medical expenses. The $5,000.00 award for future medical expenses ascribed by the jury reflects its lack of belief in the necessity of future surgery resulting from the incident at hand. Thus, it becomes apparent that the jury embraced the idea that Mr. Sallinger's back condition had been exacerbated as a result of the incident at issue; however, it did not anticipate the need for a laminectomy as a result of the trauma made the subject of this case.
After reviewing the quantum of general damages given in comparable cases by the Louisiana First Circuit Court of Appeal, this court awards Mr. Sallinger general damages in the sum of $65,000.00.

ALLOCATION OF COSTS
The jury assigned thirty-three percent of the fault to the defendants and sixty-seven percent of the fault to the plaintiff, Mr. Sallinger. Mr. Sallinger was cast by the trial court with all court costs.
The provisions of La. C.C.P. art. 1920 express the following:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
Pursuant to La. C.C.P. art. 1920, the party cast in judgment is generally taxed with costs; however, the trial court has the discretion to assess costs of a suit in any equitable manner. Polk Chevrolet, Inc. v. Webb, 572 So.2d 1112, 1116 (La. App. 1st Cir.1990), writ denied, 575 So.2d 394 (La.1991). In an appellate review of the trial court's costs assessment, only a showing of an abuse of discretion warrants a reversal of the trial court's cost allocation. Steadman v. Georgia-Pacific Corporation, 95-1463, p.15, (La.App. 1st Cir.4/6/96), 672 So.2d 420, 428, writ denied, 96-1494 (La.9/20/96), 679 So.2d 440.
When the costs of litigation are relegated to a prevailing party, it is generally premised on that party's incurrence of needless additional costs or the exhibition of conduct which justified an assessment of costs against it. Laughlin v. Breaux, 515 So.2d 480, 485 (La.App. 1st Cir.1987). Among some of our brethren appellate circuits, a trial court's disproportionate assessment of costs, relative to the degree of fault, has only been deemed an abuse of discretion when the trial court fails to supply an explanation. See Donavan v. Jones, 26,883, p.22 (La.App. 2nd Cir.2/1/95), 658 So.2d 755, 768, writs denied, 95-1786 and 95-1891 (La.11/3/95), 661 So.2d 1379; Cott Index Company v. Jagneaux, 96-860, p.10 (La.App. 3rd Cir.12/26/96), 685 So.2d 656, 661, writ denied, 97-0254 (La.3/21/97), 691 So.2d 85. In the first circuit, however, a written *765 explanation by the trial court has not been a sine qua non. Rather, the test for an abuse of discretion has been premised on whether there is support in the record that the party against whom the costs have been disproportionately ascribed caused costs to be pointlessly incurred or engaged in other conduct that would justify a realignment of court costs. Morrison v. Gonzalez, 602 So.2d 1104, 1107 (La.App. 1st Cir.1992).
There is nothing in the record before us to indicate that this test yielded total fault on the plaintiff. Given the failure of the record to support a deviation, the trial court abused its discretion. Here, the jury did not find one party to be prevailing; instead, fault was apportioned. This being so, let the costs be so apportioned: sixty-seven percent to the plaintiff; thirty-three percent to the defendants.
Accordingly, general damages in the sum of $65,000.00 are hereby awarded to the plaintiff, subject to a reduction of sixty-seven percent. The assessment of trial court costs is amended to tax plaintiff, Michael Sallinger, with sixty-seven percent of the costs and defendants, Glenn Robichaux, D/B/A Robichaux Quick Stop, and Essex Insurance Company, with thirty-three percent of the costs. Costs associated with this appeal are likewise to be borne sixty-seven percent by the plaintiff and thirty-three percent by the defendants.
AFFIRMED AS AMENDED.
WEIMER, J., concurs with reasons.
GONZALES, J., dissents.
WEIMER, J., concurring in part.
I respectfully concur in the result.
When this matter was before us previously, the majority held that although there was an inconsistent jury verdict due to the jury awarding special damages but no general damages, there was no contemporaneous objection to the inconsistency and no post trial motions filed to remedy the inconsistency. Thus, the issue of the inconsistency in the verdict was not preserved for appellate review.
It is unclear whether the Supreme Court believes a contemporaneous objection is unnecessary because an inconsistency in the verdict is legal error, or the statement by plaintiff's counsel was sufficient to be considered an objection.
I interpret the Supreme Court's ruling to mean that plaintiff was not required to file a JNOV; that the statement of plaintiff's counsel, "I would say thatthat the judgment should be J.N.O.V[.]'ed, because theythey've got to" although inartfully stated, was nevertheless sufficient to preserve the issue of the inconsistent verdict on appeal without anything more; and that we should determine general damages and revisit the allocation of costs.
Louisiana Code of Civil Procedure article 1812 addresses "special verdicts" and inexplicably provides no remedy for inconsistent verdicts. On the other hand, LSA-C.C.P. art. 1813 addresses "general verdicts"as opposed to special verdicts and provides in paragraph E that:
When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers or may order a new trial.
It would seem logical that an inconsistent verdict should be corrected, regardless of whether it is a special or general verdict, at the trial level. The legislation as it currently exists does not address inconsistencies in a special verdict. I believe this is merely an oversight in the legislation and that the trial court has inherent authority to resolve inconsistencies in special verdicts pursuant to the above quoted provision of paragraph E.[1]
*766 However, to preserve the issue of an inconsistent special verdict for appellate review, I believe a contemporaneous objection is necessary. As Justice Lemmon stated in concurring on the remand in this matter, "A party generally cannot `sit on an error' at the appropriate time for correcting the error and then raise the error on appeal, when it is too late for correction by the trial court." Sallinger v. Robichaux, 1999-C-3305 (La.2/4/00), 758 So.2d 115. See also Metz v. Howard, 93-CA-726 (La.App. 5 Cir. 1/25/94), 631 So.2d 1248, 1250-1251 and Bourque v. Gulf Marine Transportation, Inc., 480 So.2d 337, 340 (La.App. 3 Cir.1985).
Additionally, a party should not be allowed to manipulate the system by avoiding what is perceived to be an unfavorable lower court judge or jury in the hope of a more favorable allotment on appeal. If the inconsistency is resolved at the trial level, where it originated, there might be no need for an appeal. This would foster judicial economy and prompt resolution of the litigation.
NOTES
[1] Pursuant to a writ grant in 1999-C-3305 (2/8/2000), the Supreme Court of the State of Louisiana vacated the portion of this court's decision, in Sallinger v. Robichaux, 98 CA 2160 (La.App. 1st Cir.11/5/99), 759 So.2d 342 that held the plaintiff was precluded from raising the failure of the jury to award general damages, and the first circuit was directed to reexamine the allocation of costs. [Fitzsimmons, J., dissented from the issue of failure to award general damages; Weimer, J., dissented as to costs from a separate opinion.]
[1] Despite the fact this matter involved a special verdict, this seems to be the solution favored by Justice Lemon in his concurrence in this matter cited infra.