J^FITZSIMMONS, J.
This matter has been remanded for our reconsideration of a jury’s award of special damages without a general damage award.[1] Following our ascription of an “error of law” standard of review to a special damage award by the jury that failed to include any general damages, the Louisiana Supreme Court handed down an opinion that established an “abuse of discretion” legal standard for such damage award issues. Wainwright v. Fontenot, 2000-0492 (La.10/17/2000), 774 So.2d 70. Pursuant to the directives of the Louisiana Supreme Court on this remand, we revisit the issue of damages to ascertain whether the jury’s award of past and future medical expenses, without any general damages, was inconsistent and an abuse of its discretion.
In Wainwright, the Louisiana Supreme Court underscored that a reviewing court’s consideration of special damages, in the absence of general damages, should ascertain whether the jury’s failure to concomitantly award general damages “is so inconsistent as to constitute an abuse of discretion.”[2] Although the high court noted that, as a general proposition, a jury verdict awarding specific but not general damages tends to be illogical or inconsistent under the abuse of discretion standard, the particular facts of each case, are *726 determinative. Wainwright, 774 So.2d at 76. Circumstances exist in which a jury-can reasonably conclude that a plaintiff has proven entitlement to recovery of certain special damages, yet failed to prove the existence of general damages, such as pain and suffering. Id.
In Wainwright, each of the cases cited in support of the possible exclusivity of the damages questioned whether the plaintiff(s) had actually sustained any injuries attributable to the causes of action at issue, notwithstanding the incurrence of medical expenses. See Coleman v. United States Fire Insurance Company, 571 So.2d 213 (La.App. 3rd Cir.1990), and Olivier v. Sears Roebuck & Company, 499 So.2d 1058 (La.App. 3rd Cir.), writ denied, 501 So.2d 198 (La.1986). The supreme court endorsed |3the third and fourth circuits’ analysis that it is error of law to award special damages for a personal injury and yet, simultaneously, refuse to award general damages for injuries that present objective symptoms. An illustrated exception to the general rule that special damages warranted a finding of a general damage award involved the existence of a medical bill that essentially ruled out an injury. In such a situation, it is possible that the party might not experience pain and suffering, irrespective of the fact that special damages were incurred. So too in Wainwright, the court found ample evidence to infer a conclusion by the jury that the plaintiffs “brief overdose and hospitalization resulted in no compensable pain and suffering[,]” and that “many of [his] medical expenses were unrelated to the Prozac incident.” Wainwright, 774 So.2d at 77-78. The court explained that “a jury, in the exercise of its discretion as factfinder, can reasonably reach the conclusion that a plaintiff has proven his entitlement to recovery of certain medical costs, yet failed to prove that he endured compensable pain and suffering as a result of defendant’s fault.” Wainwright, 774 So.2d at 76. It is only after the reviewing court has determined that the factfinder abused its discretion by making inconsistent awards that a de novo review is permitted. Wainwright, Id.[3]
Mr. Sallinger sought recovery for damages sustained when he fell in an allegedly slimy patch of water in the parking lot of defendant’s establishment on July 17,1994. Dr. S. Daniel Seltzer, plaintiffs treating orthopedic surgeon, testified via deposition. He stated that when he examined Mr. Sallinger two days following the accident, he detected the objective symptom of muscle spasm in the lower thoracic spine and fifty percent decreased range of motion. Muscle spasm was also present in the low back. The existence of muscle spasm was noted as late as May 1996. Mr. Sallinger was prescribed pain medication and a muscle relaxant. Mr. Sallinger continued to complain of pain or discomfort that increased with activity through December 1996.
Based on a myelogram and CT scan conducted in August, 1995, Dr. Seltzer opined that, although Mr. Sallinger possessed preexisting degenerative disc 14degeneration at the L5-S1 disc levels, the trauma had, at a minimum, exacerbated that condition. Dr. Seltzer opined that Mr. Sallinger had a bulging disc and that *727 he might have sustained a disc herniation. He restricted Mr. Sallinger from activities involving stooping, squatting, bending, crawling and twisting. He recommended against any sports or recreational activity involving the twisting of Ms back or torso, such as fishing, softball, basketball or tennis. Mr. Sallinger was assigned a ten to fifteen percent whole body disability rating, which Dr. Seltzer indicated was probably a permanent one. Finally, Dr. Seltzer depicted Mr. Sallinger as a candidate for a future L5-S1 laminectomy if the condition continued to deteriorate or if Mr. Sallinger could not continue to withstand the pain.
Dr. Gordon P. Nutik, another orthopedic surgeon who treated Mr. Sallinger on several occasions, opined that the discs were not herniated. He diagnosed Mr. Sallinger’s condition as a soft tissue strain superimposed on underlying degenerative disc disease for which surgery was not warranted.
The jury awarded Mr. Sallinger $8,406.81 in past medical expenses and $5,000.00 in future medical expenses. In an attempt to find a reasonable basis for the jury’s award, it can be inferred that the jury embraced the idea that Mr. Sal-linger’s back condition had been exacerbated as a result of the incident at issue; however, the jury did not anticipate the need for a laminectomy as a result of the trauma made the subject of this case. Moreover, the jury apparently did not believe that pain and suffering, or loss of enjoyment of life, resulted from the injury which defendant caused.
In order to find an abuse of the jury’s discretion in its award, it must be determined that the jury could not have reasonably concluded that Mr. Sallinger failed to undergo any pain and suffering or loss of enjoyment as a result of his injuries. Thus, the question becomes whether there was adequate evidence from which the jury could conclude that Mr. Sallinger’s exacerbation of symptoms resulted in no compensable pain and suffering as a result of defendant’s fault. See Id.
The facts surrounding Mr. Sallinger’s injuries and special damage award are distinguishable from those scenarios cited in Waimvright. It is not disputed by the medical experts that Mr. Sallinger incurred an exacerbation of his back condition after the fall. Dr. Nutik, who rendered the most conservative diagnosis, opined that | fiMr. Sallinger’s back had been strained. Thus, the jury had two clearly defined views of the degree of physical trauma. Given the particular facts and medical information in this case, the jury verdict fails to withstand review under the abuse of discretion standard. This court, therefore, finds that it was unreasonable for the jury to have concluded that the circumstances presented a situation in which Mr. Sallinger might not have suffered any compensable pain, suffering, inconvenience, or loss of enjoyment.
Adopting our prior analysis of comparable quantums in cases rendered by the Louisiana First Circuit Court of Appeal, this court awards general damages to Mr. Sallinger in the sum of $55,000.00, subject to a reduction of sixty-seven percent. The assessment of trial court costs is amended to tax plaintiff, Michael Sallinger, with sixty-seven percent of the costs and defendants, Glenn Robichaux, d/b/a Robichaux Quick Stop, and Essex insurance Company, with thirty-three percent of the costs. Costs associated with this appeal are likewise to be borne sixty-seven percent by the plaintiff and thirty-three percent by the defendants.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED IN PART.

. In Sallinger v. Robichaux, 98-2160R (La. App. 1 Cir. 6/23/2000), 762 So.2d 761, after finding that it was error of law for the jury to award special damages for personal injury and refuse to grant any general damages for injuries, this court conducted a de novo review.

. "Special damages,” such as medical expenses, can be defined with relative certainty. "General damages,” including mental or physical pain and suffering, inconvenience, loss of intellectual or physical enjoyment, or other loss of lifestyle, cannot be calculated with mathematical certainty. Wainwright, 774 So.2d at 74.

. The reviewing court's "de novo” review, in the somewhat anomalous situation that pertains to a jury’s abuse of discretion in its failure to award any general damages while simultaneously granting special damages, is differentiated from the standard of review to be applied when a trier of fact abuses its discretion in making an inappropriate general damage award. In the latter situation, the appellate court can disturb the award only to the extent of lowering it to the highest, or raising it to the lowest, point reasonably within that court’s discretion. See Wainwright, 774 So.2d at 74.