888 So.2d 242 (2004)
Lisa Lisette VEGA
v.
WAL-MART STORES, INC., Rehrig International, Inc., Unarco, Inc., and James Fleming.
No. 2003 CA 2239.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
John M. McKay, Baton Rouge, Counsel for Plaintiff/Appellee, Lisa Lisette Vega.
Nicholas D. Doucet, New Orleans, Counsel for Defendant Unarco, Inc.
Brian Butler, Baton Rouge, Counsel for Defendant/Appellant, Rehrig International, Inc.
Andrew Eversberg, Baton Rouge, Counsel for Defendant/Appellant, Technibilt/Cari  All, Ltd.
Isidro Rene DeRojas, Frederick Campbell, Metairie, Counsel for Defendant, Wal-Mart Stores, Inc. and Claims Management, Inc.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
This is an appeal from two trial court judgments granting motions for summary judgment in appellants' favor and dismissing plaintiff's claims without prejudice. We amend the trial court judgments, and affirm.

*243 FACTS AND PROCEDURAL HISTORY
Plaintiff, Lisa Vega, filed this suit for damages after she punctured her thumb on a piece of chrome protruding from beneath the handle of a shopping cart at Wal-Mart. The suit named Wal-Mart as a defendant, as well as UNARCO, Rehrig, and Technibuilt, who were all manufacturers of shopping carts that were sold to Wal-Mart. UNARCO, Regrig, and Technibuilt all filed motions for summary judgment, alleging that Vega could not prove that they manufactured or sold the cart in question. The trial court granted all three defendants' motions for summary judgment, and dismissed Vega's claims without prejudice. Rehrig and Technibuilt appealed, arguing that the trial court should have dismissed Vega's suit with prejudice, rather than without prejudice.

DISCUSSION
A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The trial court stated in its oral reasons for judgment that there were no genuine issues as to any material fact and that movers were entitled to judgment as a matter of law.
When summary judgment is proper, the resulting judgment is final, granting a party part or all of the requested relief. La. C.C.P. art. 968. The relief granted is final and not subject to revision by the trial court outside of new trial procedures. Just as it is erroneous to grant a dismissal without prejudice after a trial on the merits, it is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment. By its nature the granting of summary judgment indicates that there is nothing left to determine and the law requires judgment be entered for one party. Jackson v. State Farm Mutual Automobile Insurance Company, 27611, pp. 4-5 (La.App. 2 Cir. 12/6/95), 665 So.2d 661, 664. The trial court erred in granting summary judgment without prejudice and we hereby amend the judgment to reflect a dismissal with prejudice.

DECREE
For the above reasons, the trial court judgments granting Rehrig and Technibuilt's motions for summary judgment without prejudice are amended to reflect dismissals with prejudice. As amended, we affirm these judgments. Costs of this appeal are to be borne by appellant.
AMENDED AND AS AMENDED AFFIRMED.