DORIS HEUVAL
v.
DR. ROBERT M. BE.
No. 2009 CA 0239.
Court of Appeals of Louisiana, First Circuit.
September 11, 2009.
Not Designated for Publication
KEVIN PATRICK MONAHAN, Baton Rouge, Louisiana, Counsel for Plaintiff/Appellee Doris Heuval.
HERBERT J. MANG, Jr., TARA S. BOURGEOIS, ERIC E. HELM, LAUREN E. BYRD Baton Rouge, Louisiana, Counsel for Defendant/Appellant Dr. Robert M. Be.
Before: DOWNING, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
Defendant appeals a trial court judgment that granted his motion for summary judgment, but dismissed plaintiffs suit without prejudice, and taxed defendant with all court costs related to the motion for summary judgment. We amend the judgment, and affirm.

FACTS AND PROCEDURAL HISTORY
On September 17, 2001, plaintiff, Doris Heuval, underwent a colonoscopy performed by defendant, Dr. Robert M. Be. During the procedure, Dr. Be attempted to remove a polyp using a snare, but the snare became stuck to the polyp. After attempts to remove it endoscopically failed, it became necessary to surgically remove the snare and polyp. Plaintiff was discharged from the hospital on October 1, 2001.
Subsequently, a medical review panel was convened at plaintiffs request to review her claim that Dr. Be breached the applicable standard of medical care. The medical review panel concluded Dr. Be did not deviate from the appropriate standard of medical care and that plaintiff would have required surgery in any event to remove a premalignant mass that was also discovered during the colonoscopy.
On May 10, 2005, plaintiff filed a petition for damages naming Dr. Be as defendant, asserting he was negligent in attempting to remove the polyp with a snare. Defendant answered and subsequently filed a motion for summary judgment, seeking a dismissal of the suit based on plaintiffs failure to produce expert evidence indicating defendant deviated from the applicable standard of medical care in his treatment of plaintiff. The original hearing date was continued upon motion of plaintiff to allow her additional time to obtain expert witnesses. Nevertheless, plaintiff failed to appear at the rescheduled hearing on defendant's motion for summary judgment. On that date, the trial court rendered judgment in favor of defendant and accepted a proposed judgment submitted by defense counsel granting the motion for summary judgment and dismissing plaintiffs suit with prejudice at plaintiffs costs. However, before signing the judgment, the trial court amended the proposed language by hand to provide that the dismissal of plaintiffs suit be "without prejudice" and to tax defendant, rather than plaintiff, with all court costs related to the motion for summary judgment. Defendant appealed, arguing the dismissal should have been with prejudice and the court costs should have been assessed against plaintiff.

DISCUSSION
In his first assignment of error, defendant contends the trial court erred in dismissing plaintiffs lawsuit without prejudice, rather than with prejudice.
When summary judgment is properly granted, the resulting judgment is final, granting a party all or part of the relief requested.[1] See La. C.C.P. arts. 968 and 1915A(3). The relief granted is final and not subject to revision by the trial court outside of new trial procedures. See La. C.C.P. art. 1951.[2] Moreover, just as it is erroneous to grant a dismissal without prejudice after a trial on the merits, it also is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment. Vega v. Wal-Mart Stores, Inc., 03-2239, pp. 2-3 (La. App. 1st Cir. 9/17/04), 888 So.2d 242, 243. By its nature, the granting of summary judgment indicates there is nothing left to determine and the law requires that judgment be entered for one party. McMath Construction Company, Inc. v. Dupuy, 03-1413, p. 8 (La. App. 1st Cir. 11/17/04), 897 So.2d 677, 683, writ denied, 04-3085 (La. 2/18/05), 896 So.2d 40; Vega, 03-2239 at p. 3, 888 So.2d at 243. Accordingly, the trial court erred in dismissing plaintiffs suit without prejudice, and we amend the judgment to reflect a dismissal with prejudice.
In his second assignment of error, defendant argues the trial court abused its discretion in taxing him with all court costs related to the motion for summary judgment, since he was the prevailing party in this matter.
As a general rule, the party cast in judgment should be assessed with court costs. See La. C.C.P. art. 1920. However, La. C.C.P. art. 1920 further provides that "[e]xcept as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." On appeal, the trial court's assessment of costs will not be disturbed in the absence of an abuse of discretion. Morrison v. Gonzalez, 602 So.2d 1104, 1107 (La. App. 1st Cir. 1992); Laughlin v. Breaux, 515 So.2d 480, 485 (La. App. 1st Cir. 1987). When a prevailing party is taxed with court costs, it is usually based on a finding that the party in some way incurred additional costs pointlessly or engaged in other conduct that justified an assessment of costs against it. Morrison, 602 So.2d at 1107; Laughlin, 515 So.2d 480 at 485.
In this case, the trial court did not give any reasons for assessing costs against defendant. Moreover, a review of the record reveals absolutely no evidence that defendant caused costs to be incurred pointlessly or engaged in other conduct justifying the imposition of costs against him. Under these circumstances, the trial court abused its discretion in assessing costs against defendant, the prevailing party in this matter. See Morrison, 602 So.2d at 1107; Polk Chevrolet, Inc. v. Webb, 572 So.2d 1112, 1116 (La. App. 1st Cir. 1990), writ denied, 575 So.2d 394 (1991); Laughlin, 515 So.2d 480 at 485.

CONCLUSION
For the above reasons, the judgment granting defendant's motion for summary judgment and dismissing plaintiffs suit without prejudice is amended to reflect dismissal with prejudice. Additionally, the judgment also is amended to provide that plaintiff is to pay all court costs related to the motion for summary judgment. As amended, we affirm the judgment. All costs of this appeal are to be paid by plaintiff.
AMENDED AND AFFIRMED AS AMENDED.
DOWNING, J., concurs and assigns reasons.
I agree with the majority opinion. I write to explain that new trial procedures are only one of four ways to revise a judgment. In Frisard v. Autin, 98-2637 (La.App. 1 Cir. 12/28/99), 747 So.2d 813, 818, this court explained that "substantive amendments to judgments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal." The Frisard court also observed that "on its own motion, and with the consent of the parties, the trial court may amend a judgment substantively," Id., citing Villaume v. Villaume, 363 So.2d 448, 451 (La. 1978). Accord, LaBove v. Theriot, 597 So.2d 1007, 1010 (La. 1992), where the Louisiana supreme court recognized consent of the parties as a method of effecting a substantive change in final judgments. See also Starnes v. Asplundh Tree Expert Co., 94-1647 (La.App. 1 Cir. 10/6/95), 670 So.2d 1242, 1246 (en banc).
NOTES
[1] We note that plaintiff did not appeal the trial court's judgment, and that no issue has been raised in the instant appeal as to the propriety of the summary judgment itself.
[2] In Frisard v. Autin, 98-2637 (La. App. 1st Cir. 12/28/99), 747 So.2d 813, 818, this court observed that "on its own motion and with the consent of the parties, the trial court may amend a judgment substantively."