NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 24-256

CHRISTOPHER L. CLEMENT, SR. AND
SHERRY H . CLEMENT

VERSUS

STATE OF LOUISIANA THROUGH THE DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT, PARISH
OF LAFAYETTE AND CITY OF LAFAYETTE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20140304
HONORABLE THOMAS JAMES FREDERICK, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Gary J. Ortego, Judges.

MOTION TO SUPPLEMENT RECORD AND SUSPEND BRIEFING
DELAYS GRANTED.

Lawrence N. Curtis
Attorney at Law
1408 W. Pinhook Road
Lafayette, LA 70503
(337) 235-1825
COUNSEL FOR PLAINTIFF/APPELLEE:
    Christopher L. Clement, Sr. o/b/o C. Clement, Jr.

Anthony M. Fazzio
Attorney at Law
4906 Ambassador Caffery, #1000
Lafayette, LA 70508
(337) 280-2185
COUNSEL FOR PLAINTIFF/APPELLEE:
    Sherry H. Clement o/b/o C. Clement, Jr.

Patrick Bayard McIntire
Cearley W. Fontenot
Daniel J. Phillips
Philip T. DeBaillon
Oats & Marino
100 E. Vermilion Street, Suite #400
Lafayette, LA 70501
(337) 233-1100
COUNSEL FOR DEFENDANT/APPELLANT:
    State of Louisiana through the Department of Transportation and
    Development

Michael Dean Hebert
James Paul Doherty, III
Katherine E. Currie
Daniel J. Gauthier
Becker & Hebert
Post Office Box 52085
Lafayette, LA 70505
(337) 233-1987
COUNSEL FOR DEFENDANT/APPELLEE:
    City of Lafayette
    Lafayette City-Parish Consolidated Government

Kevin Scott Frederick
Attorney at Law
Post Office Box 52880
Lafayette, LA 70505
(337) 269-5143
COUNSEL FOR PLAINTIFF/APPELLEE:
    Christopher L. Clement, Sr. o/b/o C. Clement, Jr.

**Michael L. Barras**
**Gabe A. Duhon, L.L.C.**
**Post Office Box 478**
**Abbeville, LA 70511**
**(337) 893-3423**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **State of Louisiana through the Department of Transportation and**
    **Development**

**GREMILLION, Judge.**

On June 7, 2024, Defendant-Appellant, the State of Louisiana, Department of Transportation and Development ("DOTD"), filed a Motion to Supplement Record with Transcript of Trial and to Suspend Briefing Delays Pending Same. For the reasons set forth herein, we grant the motion.

The instant case involves the wrongful death claim of Plaintiffs-Appellees, Christopher Clement, Sr. and Sherry Clement, the parents of decedent Christopher Clement, Jr. ("Clements"). The Clements named the DOTD and the City and Parish of Lafayette ("LCG" for Lafayette City-Parish Consolidated Government) as Defendants. Following a trial in the matter, the Clements filed a motion to tax costs. The motion was heard on February 5, 2024, and the trial court issued a written judgment on February 27, 2024, taxing the DOTD with 100% of the costs. The DOTD sought to appeal this judgment in a motion for devolutive appeal filed on March 28, 2024. The motion for appeal was granted, setting a return date for May 16, 2024.

After the appeal was lodged, this court set a briefing schedule, with the DOTD's brief due on June 10, 2024. On June 7, 2024, the DOTD filed the instant motion, asking this court to supplement the record with the trial transcript of March 27-31, 2023, which was excluded from the record. The DOTD asserts that the transcript is necessary to properly cite relevant trial testimony. The DOTD also asks that briefing delays be suspended pursuant to Uniform Rules—Courts of Appeal, Rule 2-8.7, to be reset upon supplementation of the record.

Although LCG does not oppose the DOTD's motion, the Clements oppose the motion, arguing that the DOTD's appeal of the judgment on their motion to tax costs is narrow and does not require the record to be supplemented. Further, the Clements maintain that the record should not be supplemented to add records that

were not presented to the trial court in support of, or in opposition to, their motion to tax costs. The Clements urge that no issues arising from the jury trial are before this court on appeal. Further, the Clements point out that the DOTD did not appeal the jury verdict or the judgment incorporating the verdict after the trial court granted the Clements' judgment notwithstanding the verdict.

In *Darby v. Vallere*, 20-190 (La.App. 3 Cir. 12/23/20), 311 So.3d 466, following a declaratory judgment entered against the defendant, the defendant filed a petition to annul the judgment. The plaintiff subsequently asserted peremptory exceptions of no cause of action, no right of action, and res judicata. The trial court struck the defendant's opposition to the exceptions as untimely, and the defendant was not allowed to present oral argument. The trial court then sustained the exceptions and dismissed the petition to annul with prejudice. After the record was lodged on appeal, the defendant filed a motion to supplement the record which was granted. The plaintiff subsequently filed a memorandum in opposition to the motion and an order to vacate the ruling which granted the motion. The plaintiff argued that the defendant was improperly seeking to include documents which were not admitted into evidence at the hearing on the peremptory exceptions and that the documents were not material to the issues on appeal. In granting the plaintiff's motion to vacate the order, this court reasoned that neither the transcript nor the minutes of the hearing with which the defendant sought to supplement the appellate record were admitted into evidence at the hearing on the plaintiff's peremptory exceptions.

Also, in *Smith v. State through Department of Transportation and Development*, 21-192 (La.App. 3 Cir. 5/12/21) (unpublished opinion), the defendants' motion for summary judgment was granted, dismissing the plaintiff's claims with prejudice. The plaintiff's motion for a devolutive appeal was granted,

and after the record was lodged in this court, she sought to supplement the record with the affidavit of a witness she obtained several months after the trial court's ruling. The plaintiff argued that the affidavit was directly relevant to the issue before the court. In opposition, the defendants argued, in part, that the affidavit was not filed and was not properly admitted in opposition to the motion. Further, the defendants maintained that Louisiana law does not allow for the record on the appeal of a motion for summary judgment to be supplemented with an affidavit not properly submitted or considered by the trial court. In denying the plaintiff's motion, this court reasoned:

> Pursuant to Uniform Rules—Courts of Appeal, Rule 1-3, "[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Additionally, this court may only consider evidence filed in the trial court in support or opposition to Defendants' Motion for Summary Judgment. Article 966(D)(2).

*Id*. at *2.

In the instant case, the Clements assert that the DOTD has not shown why the appellate record should be supplemented with the trial transcript. The Clements stress that the verdict from the trial is not before this court nor are any of the post-trial motions addressing the jury's verdict. The lone issue, the Clements maintain, is whether the trial court properly exercised its discretion in taxing 100% of the Clements' costs to the DOTD.

In response to the Clements' opposition, the DOTD argues, first, that pursuant to La.Code Civ.P. art. 2128, "When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court." Because the parties herein did not designate portions of the trial record for appeal, the DOTD concludes that the trial transcript should be a part of the record.

Further, the DOTD asserts that this court can order that the appellate record be corrected if it "omits a material part of the trial record." La.Code Civ.P. art. 2132.

Next, the DOTD argues that the trial transcript is necessary to show that the trial court's judgment taxing costs against the DOTD is disproportionate to the assessment of fault. The DOTD asserts that a trial court's disproportionate assessment of costs relative to the degree of fault is an abuse of discretion when 1) the trial court fails to supply an explanation, or 2) the record indicates that "the party against whom the costs have been disproportionately ascribed caused costs to be pointlessly incurred or engaged in other conduct that would justify a realignment of court costs. (citation omitted)." *Sallinger v. Robichaux*, 98-2160 (La.App. 1 Cir. 6/23/00), 762 So.2d 761, 765, *writ denied in part*, 00-2189 (La. 1/5/01), 778 So.2d 598, *vacated in part on other grounds*, 00-2269 (La. 1/5/01), 775 So.2d 437.

In the instant case, the DOTD maintains that a discussion of the facts and evidence at trial is necessary due to the trial court's reasons for judgment in taxing costs. Specifically, the trial court stated, "I think equity is what is fair in the big picture, not in the little picture." The DOTD contends that the "big picture" will show that statements in the police report available before trial indicate that the Clements' son, Christopher Clement, Jr., was responsible for nearly all of the fault and that the trial testimony was consistent with the pre-filing evidence. As such, the DOTD concludes that the transcript is necessary to discuss whether it was equitable in the "big picture" to tax all costs against the DOTD.

The trial court also stated that all costs were assessed against the DOTD because the DOTD prevailed only partially at trial after filing and losing three pretrial motions for summary judgment on liability. Also, the trial court found that although the jury assessed the DOTD with only 5% of the fault, the evidence

4

presented at trial could have supported a greater assessment of fault without rendering the jury's verdict manifestly erroneous. The DOTD states that on appeal, it will address the relevant facts regarding liability as well as the evidence and testimony that supports the jury's assessment of fault. The DOTD urges that based on the jury's assessment of fault, it was inequitable for the trial court to assess 100% of the costs to the DOTD. The DOTD adds that the transcript is also necessary to show there is no support that it pointlessly increased costs and to show that the fees for Fearless Eye, Inc., an accident reconstruction firm, should not be assessed to the DOTD.

Lastly, the DOTD argues that it did not need to introduce the trial transcript at the hearing on the motion to tax costs because the transcript was already part of the record. In *Kali Way House v. Richard House*, 20-355 (La.App. 3 Cir. 10/21/20) (unpublished opinion), *writ denied*, 21-869 (La. 10/1/21), 324 So.3d 1057, the appellee moved to supplement the record with a transcript and exhibits from a hearing on the appellee's petition for an ex parte order of temporary custody and a transcript of the trial court's ruling. The appellant objected because the appellee did not introduce these documents at the subsequent permanent custody hearing. This court found that the appellee did not seek to supplement the record with evidence or testimony that was outside the record and granted the motion.

The DOTD acknowledges that it referred to expert opinions at the hearing on the motion to tax costs but maintains that it did not need to offer the trial transcript because the trial court was familiar with the evidence from trial. Also, the DOTD points out that it could not have offered the trial transcript at the hearing to address the trial court's reasons for judgment that had not yet been issued.

We find that the DOTD has shown that the trial transcript is necessary to support its alleged error on appeal that the trial court abused its discretion in taxing

5

100% of costs to the DOTD. Further, the trial transcript is already a part of the record. Accordingly, we grant the DOTD's Motion to Supplement Record with Transcript of Trial and to Suspend Briefing Delays Pending Same, and pursuant to La.Code Civ.P. art. 2132, we order that the record be supplemented with the trial transcript of March 27-31, 2023.

**MOTION TO SUPPLEMENT RECORD AND SUSPEND BRIEFING DELAYS GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.