631 So.2d 1248 (1994)
Jeanne METZ
v.
David HOWARD, ABC Insurance Co. and State Farm Insurance Company.
No. 93-CA-726.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 1994.
*1249 Perry R. Sanders, Jr., Lake Charles, for plaintiff-appellant.
Sidney J. Angelle, Metairie, for defendantappellee.
Glen B. Ansardi, Kenner, Trustee in Bankruptcy for Jeanne Metz.
Before GAUDIN, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
This automobile accident suit was brought by Jeanne Metz, plaintiff-appellant, against her uninsured motorist insurer, State Farm Mutual Insurance Company. A jury found in favor of State Farm and Ms. Metz now appeals. Because we find neither legal nor manifest factual error in the district court proceedings, we affirm.
The basic facts are that Ms. Metz was traveling west in the right lane of Interstate 10 at about 55 MPH when she ran off the traveled lanes of the roadway and struck the rear of a pick-up truck abandoned on the side of the highway. The accident occurred on May 23, 1986, at about 8:20 P.M. on a straight portion of the highway consisting of three traffic lanes and a paved shoulder lane. There was also continuous street lighting along the roadway.
The owner of the truck, David Howard testified that earlier in the day, two friends of his were towing the inoperable and uninsured vehicle to his father's house out of town when their tow truck broke down, forcing them to abandon the vehicle. While driving east on Interstate 10 at about sundown, Howard noticed his truck on the opposite side of the highway and stopped to investigate. He stated that it was then parked in the grass some three or four feet from the edge of the paved, one-lane wide shoulder of the highway. Because he did not have any equipment with which to remove it at that moment, he decided to return for it the next morning. He also said that there was no battery in the truck and therefore the flashers could not be turned on. Concerning the location of the truck, Ms. Metz testified that she could not recall ever seeing the truck before hitting it, and consequently could not say exactly where it was parked when she ran into it an hour or so after Howard left the scene.
Plaintiff sued Howard, his friends, and her UM insurer, State Farm. By the time of trial, State Farm was the only remaining defendant. Also, Ms. Metz had by then gone bankrupt, and the actual party plaintiff was thus the bankruptcy trustee.
The threshold issue at trial was whether there was any negligence on the part of any uninsured party which caused the accident. The jury found that although Howard and his friends' actions were "substandard conduct", that conduct was not a legal cause of the accident. State Farm was thus exonerated. Subsequent to rendition of the judgment, the bankruptcy trustee abandoned his claim to the suit, and Ms. Metz thus again became the proper party plaintiff. She now appeals, urging three assignments of error.
The first alleged error concerns a comment made by counsel for State Farm during voir dire to the effect that any money *1250 awarded would go to the bankruptcy trustee rather than to Ms. Metz. Plaintiff's counsel urged, out of the jury's presence, that this was an incorrect statement because if the damage award exceeded Ms. Metz's indebtedness, she would in fact recover the excess. The trial judge stated then that he would not permit the jury to be told the amount of the indebtedness. He later properly instructed the jury that it was not called upon to decide who would actually receive any money that might be awarded, and further that any such award made would go to the trustee for distribution by him in accordance with the bankruptcy laws.
Plaintiff argues that the above ruling was prejudicial in that it precluded further voir dire inquiry by counsel into prospective jurors' attitudes toward bankruptcy trustees. The difficulty with this argument is that it is not predicated on the ruling actually made. The trial judge merely ruled that he would not permit the jury to know the amount of Ms. Metz's indebtedness, and consequently how large an award would be necessary before she personally received any funds. We find nothing in the ruling which precluded further voir dire inquiry as to potential jurors' attitudes toward bankruptcy trustees receiving damage awards, and we therefore reject plaintiff's assertion that she was somehow prejudiced by that ruling.
The second alleged error concerns the trial judge's exclusion of evidence concerning Ms. Metz's driving habits on grounds of relevance. During direct examination plaintiff's counsel sought to question her about what she would ordinarily do if she were to see a vehicle on the side of the road with hazard lights flashing. Defense counsel objected, noting that because the lack of such lights on the truck was not contested and was otherwise well established by the evidence, this line of inquiry was irrelevant. The trial judge agreed and sustained the objection.
Plaintiff asserts that this evidence was admissible under Louisiana Code of Evidence, Art. 406, which provides that evidence of the habit of a person is relevant to prove that the conduct of the person "on a particular occasion was in conformity with the habit." The argument, as best we can make it out, is as follows. The evidence sought to be introduced would have shown that plaintiff habitually avoided running into disabled vehicles on the side of the road that had hazard lights on them. This evidence was therefore relevant to show that had the pick-up truck here been lit, she would have acted in accordance with her habit and avoided hitting it.
We reject this argument because in this court's opinion the article contemplates the situation where the actual behavior of a party is at issue. Thus, where the fact to be proved by the proponent is that a person has acted in a certain way on a particular occasion, evidence of that person's habitual responses in prior similar situations may be introduced to show that she has regularly so acted and therefore acted the same way on the occasion in question. On the other hand, the opponent may introduce similar evidence to show that the party has habitually acted otherwise and therefore did not act as alleged by the proponent on the occasion in question. In either case, the issue to be proved by such evidence of habit is how the person acted in the particular context of the case.
In the present case, it is known how plaintiff acted. She ran off the highway and struck an unlit vehicle. Whether she would have done so had the truck been lit was not a question to be resolved by evidence of her driving habits in other situations and the trial judge therefore did not err in excluding this evidence as irrelevant. We also note that even were it error to exclude this evidence, its probative value would have been so marginal that its exclusion would not have prejudiced plaintiff's case in anyway.
The final issue concerns the jury's ultimate findings, which were that Howard and his friends' actions were substandard conduct, but that this conduct was not a legal cause of the accident. Plaintiff first urges that the answers to these interrogatories were inconsistent, and that this inconsistency should have been resolved in her favor. Whatever the merits of this assertion, plaintiff cannot be heard on this issue because she did not object either at the reading of the verdict or in any post-trial motions in the *1251 district court. The trial court, thus, never had an opportunity to take remedial action while the jury was present or otherwise rule on the question, as provided by La.Code Civ.Pro. art. 1813, see Bourque v. Gulf Marine Transp., Inc., 480 So.2d 337 (La.App. 3rd Cir.1985). We therefore need not further address this argument.
The final issue urged in regard to the verdict is that it is contrary to the law and evidence. Before turning to the specifics of this argument we note that the standard of review of factual issues is extremely narrow. Appellate courts are permitted to disturb such findings only if they are manifestly erroneous, Rosell v. Esco, 549 So.2d 840 (La. 1989). Further, where there are two permissible views of the evidence the factfinder's choice between them "cannot" be manifestly erroneous or clearly wrong, Id.
In the present case, there was testimony by Howard to establish that the truck was parked in the grass some three to four feet from the edge of the paved shoulder of the highway. Other evidence showed that the section of highway at issue consisted of three traffic lanes and a paved shoulder lane, that it had continuous street lighting, was perfectly straight, and was otherwise unremarkable. Given the above configuration of the accident site, and assuming that the jury believed Howard's testimony that the truck was in the grass, the question is then whether in leaving the vehicle in that position after dark Howard breached some duty imposed on him by law to protect against the risk involved, Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984). The jury implicitly determined that he had not breached any such duty and therefore that his actions were not a legal cause of the accident. We find no manifest error in this factual determination, based as it is on a permissible view of the evidence. In this circumstance, we are precluded by law from disturbing that finding, Rosell v. Esco, supra.
For the foregoing reasons, we hereby affirm the judgment of the trial court.
AFFIRMED.