WALTER J. ROTHSCHILD, Judge.
 

 12Plaintiff, Joyeelyn Murphy, was employed by the Louisiana Department of Health and Hospitals as a surveyor to inspect nursing homes for state compliance. On April 11, 2005, Ms. Murphy was part of a team of approximately five inspectors who were assigned to inspect the Jefferson Healthcare Center, L.L.C. (“JHCC”). On that date, the inspectors arrived unannounced at JHCC and began their inspection. Ms. Murphy alleges that while she was walking in a hallway between patients’ rooms, she slipped on a greasy substance on the hallway floor and caught herself on the handrail, causing her to suffer injuries, particularly to her lower back and under her right knee.
 

 On March 17, 2006, Ms. Murphy filed a Petition for Damages against JHCC and its insurer, Clarendon America Insurance Company (“Clarendon”), asserting that
 
 *901
 
 JHCC knew or should have known of the slippery substance on its floor but failed to take steps to warn visitors or remove the slippery substance. JHCC and Clarendon filed an Answer on April 12, 2006, generally denying the allegations in | sthe petition and asserting that JHCC had no notice or knowledge of any alleged slippery substance on its floor.
 
 [1]
 

 A jury trial began on July 28, 2008, and concluded on July 31, 2008. The jury rendered a verdict in favor of defendants, JHCC and Clarendon, finding that there was a foreign substance on the floor at JHCC on April 11, 2005, but that JHCC took reasonable steps to discover and correct any dangerous conditions on its premises. On August 6, 2008, the trial court signed a judgment making the jury’s verdict the judgment of the court and dismissing all of plaintiffs claims with prejudice. Thereafter, on August 19, 2008, defendants filed a Motion for Costs, which was granted after a hearing on October 27, 2008. The trial court rendered a judgment in favor of defendants and against plaintiff for $13,407.07 in costs. Plaintiff appeals.
 

 LAW AND DISCUSSION
 

 On appeal, Ms. Murphy contends that: The Trial Court erred in refusing to charge the jury with negligence and charging the jury with Louisiana Civil Code Article 2317.1 instead of the proper La. C.C. Art. 2315 negligence charge and corresponding jury interrogatory _for a slip and fall in a hospital/nursing home for the elderly and infirm.
 

 Plaintiff claims that the trial court erred in refusing to charge the jury with negligence and in providing a misleading jury interrogatory which significantly affected the jury’s verdict, because the jury was not given the opportunity to determine if JHCC was negligent in allowing a foreign substance to be on its floor.
 

 First, we note that plaintiff did not object to the jury charges at trial. The trial judge asked counsel for plaintiff and defendants, “Any objections to the jury charges themselves?” Plaintiffs counsel replied, “No, sir.”
 

 |4It is well settled that a party may not assign as error the giving or failure to give a jury charge unless she timely objects to the charges. LSA-C.C.P. art. 1793(C);
 
 Hebert v. Old Republic Ins. Co.,
 
 01-355, p. 16 (La.App. 5 Cir. 1/29/02), 807 So.2d 1114, 1127. However, courts have held that where the jury instructions contain a “plain and fundamental” error, the contemporaneous objection requirement is relaxed and appellate review is not prohibited.
 
 Berg v. Zummo,
 
 00-1699, p. 13 (La.4/25/01), 786 So.2d 708, 716, n. 5.
 

 In the present case, we have reviewed the jury charges given by the trial court and we do not find any fundamental errors. Therefore, because plaintiff did not object to the giving or failure to give any jury charges at trial, she is precluded from making such a claim on appeal. Furthermore, even if we considered plaintiffs claim that the trial court erred in failing to give a negligence charge, we find no basis for this argument, because a simple review of the written jury charges or the transcript of the trial judge’s recitation of the charges reveals that the trial judge did, in fact, charge the jury with negligence.
 
 [2]
 
 ,
 
 [3]
 
 
 *902
 
 Accordingly, it unclear to this | fiCourt why plaintiff makes this assertion on appeal, and we find that plaintiff is not entitled to any relief on her claims regarding the jury charges.
 

 Ms. Murphy further complains that the trial judge erred because jury interrogatory number two did not address the negligence issue, and the jury was instructed to return to the courtroom without answering further questions if the jury answered interrogatory number two in the affirmative. She further argues that the jury found that JHCC had adequate procedures to detect hazardous conditions on its premises but the jury was never asked whether JHCC had actually fulfilled those procedures or was negligent in allowing a foreign substance to be on its floor.
 

 Jury interrogatory number one on the verdict form provides as follows:
 

 Do you find that there was a foreign substance on the floor of the defendant, Jefferson Healthcare Center on April 11, 2005?
 

 Ten of the twelve jurors replied, ‘Tes,” to jury interrogatory number one. The verdict form instructed the jurors to proceed to the next question if the answer to their first question was “Yes.”
 

 Jury interrogatory number two provides as follows:
 

 Did the defendant, Jefferson Healthcare Center, take reasonable steps to discover and correct any dangerous conditions on its premises?
 

 Nine of the twelve jurors replied, “Yes,” to jury interrogatory number two.
 
 [4]
 
 The verdict form instructed the jurors to have the foreperson sign and date the form and return it to the courtroom if their answer to this question was ‘Tes.” Accordingly, the jurors did not answer the remaining questions on the verdict form.
 

 |fiThe record reveals that plaintiffs counsel made a timely objection to the wording of jury interrogatory number two. He asked the trial court to add an interrogato
 
 *903
 
 ry or change interrogatory number two to read:
 

 Was the defendant Jefferson Healthcare Center negligent in not discovering any foreign substance or slippery and greasy substance on its premises, which created an unreasonably dangerous condition?
 

 The trial judge denied plaintiffs request and indicated that the wording of LSA-C.C. art. 2817.1 was used for interrogatory number two and would remain the language in interrogatory number two. We find no error in the trial court’s decision.
 

 An appellate court will not set aside a trial judge’s framing of questions to be posed to the jury absent an abuse of discretion.
 
 Johnson v. First Nat. Bank of Shreveport,
 
 00-870, p. 26 (La.App. 3 Cir. 6/20/01), 792 So.2d 33, 53,
 
 writs denied,
 
 01-2770, 01-2783 (La.1/4/02), 805 So.2d 212, 213. However, if the trial court submits a verdict form to the jury with misleading or confusing interrogatories, such interrogatories do not adequately set forth the issues to be decided by the jury and may constitute reversible error.
 
 State ex rel. Dept. of Transp. and Development v. Wade,
 
 07-1385, p. 4 (La.App. 3 Cir. 5/28/08), 984 So.2d 918, 921,
 
 writ denied,
 
 08-1896 (12/12/08), 997 So.2d 561.
 

 In the present case, our review of the verdict form reveals that the interrogatories presented to the jury were not misleading or confusing. Rather, the interrogatory complained of, number two, accurately reflects the applicable law in light of the facts in this particular case, and there was no abuse of discretion in the trial court’s wording of this interrogatory. Although plaintiff contends that the jury found that JHCC had adequate procedures to detect hazardous conditions on its premises but the jury was never asked whether JHCC had actually fulfilled those procedures, our reading of this interrogatory shows otherwise. The interrogatory 17does not ask whether JHCC’s policies included reasonable steps to discover and correct any dangerous conditions, but rather it queries:
 

 Did the defendant, Jefferson Healthcare Center,
 
 take
 
 reasonable steps to discover and correct any dangerous conditions on its premises? (Emphasis added.)
 

 Furthermore, we note that in closing arguments, plaintiffs counsel reviewed interrogatory number two and some of the evidence pertaining to this interrogatory and stated in pertinent part:
 

 The second question you’re going to be asked to decide was did the Defendant Jefferson Health Care take reasonable steps to discover and correct any dangerous conditions on its premises?
 

 Is a slick, greasy area caused by a foreign substance creating a dangerous condition? These people say it did. The Jefferson Health care people said it did. If you’re walking in a nursing home and there’s a slick, greasy substance, that creates a dangerous condition.
 

 Now, did they take reasonable steps? Well, they had a policy to inspect. But did they actually inspect it? Did they actually discover it and clean it up?
 

 ⅜ ⅜ ⅜ ⅜ ⅜ ⅜
 

 So, we believe that evidence indicates on Number 2, the answer to Number 2 is no, they didn’t have — they didn’t actually take reasonable steps that day to discover the greasy, slick area on the floor.
 

 These comments by plaintiffs counsel suggest that he understood that the interrogatory was asking if JHCC actually took reasonable steps to discover the substance, not whether JHCC simply had a policy to inspect in place.
 

 
 *904
 
 Considering the arguments of counsel and the applicable law, we find that this assignment of error is without merit.
 
 [5]
 

 DECREE
 

 Based on our finding that the arguments set forth by plaintiff on appeal are without merit, we affirm the trial court’s August 6, 2008 judgment making the Injury's verdict a judgment of the court and dismissing plaintiffs claims. All costs of these proceedings are to be paid by plaintiff.
 

 AFFIRMED.
 

 EDWARDS, J., concurs.
 

 EDWARDS, J., concurs.
 

 _JjI concur in the result.
 

 [1]
 

 . On October 26, 2007, the State of Louisiana, through the Office of the Governor, Division of Administration, Office of Risk Management and the Louisiana Department of Health and Hospitals filed a Petition for Intervention seeking reimbursement of worker’s compensation benefits paid to Ms. Murphy.
 

 [2]
 

 . The trial judge read the following to the jury regarding negligence:
 

 The Louisiana Law in this regard provides:
 

 
 *902
 
 Every act whatsoever of man that causes damage to another obligates him by whose fault it happened to repair it. Damages may include loss of consortium, service and society.
 

 The word "fault" in this law means negligence.
 

 Negligence is defined as the lack of due diligence or care. In the legal sense, negligence means the failure of a party to use due care in a particular set of circumstances. In other words, negligence is the failure of a party to use the standard of care which an ordinary reasonable and prudent person would use under a similar set of circumstances. Basically, each of us has the duty not to injure or damage another as a result of our fault or negligence.
 

 A person can be at fault by an unreasonable act of commission or by omission. In other words, if a person fails to perform some act which a reasonably prudent person would perform, and such failure to act causes injury of any type to another, that failure or omission is negligence. In short, negligence is the failure to exercise reasonable care towards another person to whom a duty to exercise reasonable care is owed, and negligence includes omissions as well as commissions.
 

 The trial judge also charged the jury with the provisions of LSA-C.C. art. 2317.1 as follows:
 

 The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
 

 [3]
 

 . We have not made a determination regarding whether or not this particular negligence charge was required. Rather, we simply note that a negligence charge was, in fact, given to the jury.
 

 [4]
 

 . LSA-C.C.P. art. 1797(B) provides that nine of twelve jurors must concur to reach a verdict, unless the parties stipulate otherwise.
 

 [5]
 

 . Although it is not listed in her assignments of error, plaintiff claims on appeal that the trial court should not have granted defendants’ Motion for Costs. However, because plaintiff does not brief this issue and considering our decision to affirm the trial court’s judgment making the jury's verdict a judgment of the court, we find no reason to grant plaintiff any relief regarding the Motion for Costs.