CHARLES DANNA

VERSUS

ALEXANDER CHESTNUT AND STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY

NO. 23-CA-131

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 797-092, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

November 29, 2023

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Scott U. Schlegel

**AFFIRMED**
 **SUS**
 **SJW**
 **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
CHARLES DANNA
    E. Eric Guirard

COUNSEL FOR DEFENDANT/APPELLEE,
ALEXANDER CHESTNUT AND STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
    Scott A. Cannon
    Shannon M. Livermore
    Ryan P. Gregoire

**SCHLEGEL, J.**

Plaintiff, Charles Danna, appeals the judgment rendered by the trial court following a jury verdict returned in favor of defendants, Alexander Chestnut and State Farm Mutual Automobile Insurance Company. In his sole assignment of error on appeal, Mr. Danna argues that the trial court committed reversible error by including two redundant and confusing questions regarding causation of damages/injuries, which led the jury to return an inconsistent verdict. As explained more fully below, we find that Mr. Danna failed to properly preserve this issue for appeal and therefore, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises from a motor vehicle accident between Mr. Danna and Mr. Chestnut on 17th Street in Metairie, Louisiana on October 16, 2018. The parties provided conflicting versions of the accident. Mr. Danna testified that he was driving in the right lane on 17th Street because he intended to turn right onto Severn Avenue. He claimed that Mr. Chestnut exited the post office parking lot and hit the right rear panel of his truck causing it to skid into the curb. Mr. Chestnut testified that he was pulling out from the post office parking lot into the right lane on 17th Street and saw Mr. Danna's vehicle approaching in the left lane. He claimed that as he was exiting the parking lot, Mr. Danna cut over in front of him into the right lane and the right rear panel of Mr. Danna's truck clipped the front left bumper of his car. Neither vehicle sustained significant damage.

Mr. Danna testified that after he felt the impact, he looked back and then he ran over the curb. Mr. Chestnut testified that he did not see Mr. Danna's truck hit the curb. The medical records indicate that Mr. Danna reported to several of his physicians that his vehicle spun out of control after the impact. However, he denied these reports at trial and stated that his vehicle skidded slightly before he ran into the curb. The speed limit on 17th Street was 30 mph and Mr. Danna

testified at trial that he was driving slightly over the speed limit at a rate of 35 to 40 mph at the time of the accident. However, he later admitted that he reported to his chiropractor that he was travelling 45 mph.

On July 8, 2019, Mr. Danna filed suit against defendants alleging that he sustained injuries to his lower back as a result of the accident. On September 22, 2022, following a two-day trial, the jury rendered a verdict in favor of defendants finding that Mr. Chestnut's negligence did not cause Mr. Danna's injuries (Question No. 5) and therefore, did not award damages. Prior to reaching this finding, the verdict form asked the jury to "state the percentages of negligence attributable" to both Mr. Danna and Mr. Chestnut (Question No. 3) and the jury assigned fifty percent (50%) to each party. The verdict form also asked whether Mr. Danna sustained any damages as a result of the automobile collision (Question No. 4), and the jury responded affirmatively, as follows:

1. Do you find, by a preponderance of the evidence, that the Defendant, Alexander Chestnut, was negligent with regard to the automobile collision of October 16, 2018?

Yes __✓__      No _____

*If the answer to question 1 is yes, proceed to question 2.*

*If the answer to question 1 is no, do not answer any further questions. Sign and date this form and notify the bailiff.*

2. Do you find, by a preponderance of the evidence, that the Plaintiff, Charles Danna, was negligent with regard to the automobile collision of October 16, 2018?

Yes __✓__      No _____

*If the answer to question 2 is yes, proceed to question 3.*

*If the answer to question 2 is no, skip question 3, and proceed to question 4.*

3. Please state the percentages of negligence attributable to Alexander Chestnut and to Charles Danna (NOTE: The total percentage must equal 100%.)

Alexander Chestnut    _50_ %

Charles Danna    _50_ %

TOTAL    100 %

*Proceed to Question 4.*

4. Did Charles Danna suffer any damages as a result of the automobile collision of October 16, 2018?

Yes __✓__      No _____

*If the answer to question 4 is yes, proceed to question 5.*

*If the answer to question 4 is no, do not answer and further questions. Sign and date this form and notify the bailiff.*

5. Was Alexander Chestnut's negligence the cause of Charles Danna's injuries?

Yes _____      No __✓__

*If the answer to question 5 is yes, proceed to question 6.*

*If the answer to question 5 is no, do not answer and further questions. Sign and date this form and notify the bailiff.*

Mr. Danna contends that the jury's responses to Question Nos. 3 and 4 rendered Question No. 5 unnecessary and confused the jury. However, neither party raised an objection to the wording of the jury interrogatories or the order in which the verdict form listed the interrogatories. Counsel for both parties reviewed the verdict form in detail with the jury during their closing arguments. In addition, Mr. Danna's counsel did not object to the inconsistency of the verdict responses after it was read. He only requested that the trial court poll the jury, which indicated a unanimous verdict. The trial court then asked defense counsel to prepare a judgment and the trial proceedings ended.

Almost two weeks later, on October 6, 2022, defendants filed a proposed judgment containing the following language:

> After the completion of the trial and jury instructions by the Court, the jurors deliberated and returned a verdict finding that Alexander

Chestnut's negligence was not the cause of plaintiff's injuries, and therefore awarded no money.

The Court, upon considering the jury's verdict:

IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's lawsuit and all claims by Plaintiff against all Defendants be and the same are hereby dismissed with prejudice.

The Uniform Rule 9.5 Certificate indicates that defense counsel circulated the proposed judgment to Mr. Danna's counsel on September 28, 2022, and that Mr. Danna's counsel did not respond. The trial court signed a judgment containing the same language quoted above on October 11, 2022. Mr. Danna did not file any post-trial motions.

On November 21, 2022, Mr. Danna filed a timely motion for devolutive appeal. At the same time, he also filed a letter dated October 6, 2022, in which Mr. Danna's counsel explained to defense counsel that he objected to the proposed judgment because it did not discuss "the jury findings related to fault and that Mr. Danna did suffer damages because of the collision which obviously results in an inconsistent verdict form." However, the letter went on to explain that Mr. Danna's counsel "would agree if the judgment simply said that 'the jury returned a verdict in response to special interrogatories and did not award any compensation for damages.'" The trial court granted Mr. Danna's motion for devolutive appeal on November 22, 2022.

## LAW AND DISCUSSION

In his sole assignment of error, Mr. Danna argues the trial court committed reversible error by including two redundant and confusing questions regarding causation of damages/injuries that led the jury to return an inconsistent verdict.

Under the guidelines of La. C.C.P. art. 1812(A), the trial court has wide discretion in determining and framing questions to be posed as special interrogatories. *Wiltz v. Brothers Petroleum*, 13-332, 13-333, 13-334 (La. App. 5

Cir. 4/23/14), 140 So.3d 758, 773, *writ denied*, 14-1252 (La. 10/10/14), 151 So.3d 581. Article 1812(A) provides in relevant part:

> [T]he court may submit to the jury written questions susceptible of categorical or other brief answer, or may submit written forms of the several special findings which might properly be made under the pleadings and evidence, or may use any other appropriate method of submitting the issues and requiring the written findings thereon. The court shall give to the jury such explanation and instruction concerning the matter submitted as may be necessary to enable the jury to make its findings upon each issue.

La. C.C.P. art. 1812(B) further provides that "[t]he court shall inform the parties within a reasonable time prior to their argument to the jury of the special verdict form and instructions it intends to submit to the jury and the parties shall be given a reasonable opportunity to make objections." Jury interrogatories must fairly and reasonably point out the issues to guide the jury in reaching an appropriate verdict. *McCarra v. Illinois Central Railroad Co.*, 01-298 (La. App. 5 Cir. 9/25/01), 798 So.2d 252, 257, *writ denied*, 01-2845 (La. 1/4/02), 805 So.2d 207.

La. C.C.P. art. 1793(C) further provides that a "party may not assign as error the giving or failure to give an instruction unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires, stating specifically the matter to which he objects and the grounds for this objection." Thus, in order to preserve the right to appeal a trial court's giving of an erroneous instruction, a party must make a timely objection and state the grounds for the objection. *Warner v. USAA General Indemnity Insurance Company*, 17-231 (La. App. 5 Cir. 12/29/17), 237 So.3d 1241, 1253. This same rule applies to jury interrogatories. *Id.* In order to preserve the right to appeal an error in a verdict form or jury interrogatory, an objection must be made before the jury retires so that the court will have an opportunity to consider the objection and correct any error revealed by the objection. *Semco, LLC v. Grand Ltd.*, 16-342 (La. App. 5 Cir.

5/31/17), 221 So.3d 1004, 1037, *writ denied*, 17-1291 (La. 11/6/17), 229 So.3d 475; *Warner,* 237 So.3d at 1253.  It is only when the instructions or jury interrogatories contain a plain and fundamental error that the contemporaneous objection requirement is relaxed and appellate review is not prohibited.  *Id.*, *citing Berg v. Zummo*, 00-1699 (La. 4/25/01), 786 So.2d 708, 714, n. 5.

If the verdict form does not adequately set forth the issues to be decided by the jury (*i.e.* omits an essential legal principle or is misleading and confusing), such interrogatories may constitute reversible error.  *Murphy v. Jefferson Health Care Center, LLC*, 09-304 (La. App. 5 Cir. 10/27/09), 27 So.3d 899, 903.  Nevertheless, the law is clear that a verdict may not be set aside unless the verdict form is so inadequate that the jury is precluded from reaching a verdict based on correct law and facts.  *Thomas v. Department of Wildlife & Fisheries*, 18-869 (La. App. 1 Cir. 10/2/19), 289 So.3d 579, 593, *writ denied*, 19-1767 (La. 1/14/20), 291 So.3d 687.  It is only when an appellate court finds that legal error in the instructions or verdict form prejudiced one of the parties that the appellate court should set aside the jury findings and perform a *de novo* review of the record. *Marchetta ex. rel. Marchetta v. CPC of Louisiana, Inc.*, 99-485 (La. App. 4 Cir. 3/22/00), 759 So.2d 151, 154.

In the present matter, Mr. Danna additionally argues that the alleged errors in the verdict form led to an inconsistent verdict.  La. C.C.P. art 1813(E) provides that "[w]hen the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers or may order a new trial."  Louisiana courts agree, however, that a party is precluded from raising the issue of an inconsistent verdict on appeal, unless he first raises the issue with the trial court by objecting either at the reading of the verdict or in post-trial motions. *Himel v. State ex rel. Dept. of Transp. and Development*, 04-274 (La.

App. 5 Cir. 10/12/04), 887 So.2d 131, 135-36, *writ denied*, 04-2802 (La. 3/18/05), 896 So.2d 999; *Turner v. Parish of Jefferson Through Dept. of Recreation*, 98-336 (La. App. 5 Cir. 10/14/98), 721 So.2d 64, 67-68, *writ denied*, 98-2823 (La. 1/8/99), 735 So.2d 636 and 98-2859, 98-2861 (La. 1/8/99), 735 So.3d 638; *Metz v. Howard*, 93-726 (La. App. 5th Cir. 1/25/94), 631 So.2d 1248, 1250-51; *Thomas*, 289 So.3d at 596; *Richard v. Gisler*, 16-1472, p. 10 (La. App. 1 Cir. 8/16/17), 2017 WL 3498910; *Bourque v. Gulf Marine Transp., Inc.*, 480 So.2d 337, 340 (La. App. 3rd Cir. 1985); *Morris v. United Services Auto Ass'n*, 35,528 (La. App. 2 Cir. 2/18/00), 756 So.2d 549, 560. This is because the trial court has the ability to take remedial action by sending the jury back for further deliberations or ordering a new trial when the parties raise a timely objection. *Metz, supra*; *Morris, supra*.

In *Metz v. Howard*, *supra*, the plaintiff argued on appeal for the first time that the jury's answers to the interrogatories in the verdict form were inconsistent and that the inconsistency should be resolved in her favor. The *Metz* court determined that regardless of the merits of her assertion, the plaintiff could not raise this issue for the first time on appeal because she did not object either at the reading of the verdict or in any post-trial motions in the trial court. The *Metz* court observed that the trial court "never had an opportunity to take remedial action while the jury was present or otherwise rule on the question, as provided by" La. C.C.P. art. 1813. *Id.* at 1251.

In the present matter, Mr. Danna did not object to the content or order of the jury interrogatories at any time prior to this appeal. Further, he did not object to the jury's inconsistent responses at the time of the reading of the verdict. The October 6, 2022 letter that his counsel sent to defense counsel acknowledged his belief that the jury's interrogatory answers were inconsistent, but then indicated he

would agree if the verdict simply stated the jury did not award any damages.[1] Finally, even though Mr. Danna indicated his concerns regarding the inconsistent verdict in the October 3, 2022 correspondence, Mr. Danna did not file a motion for new trial or any other post-trial motion seeking relief from the trial court following entry of the October 11, 2022 judgment.

Mr. Danna had numerous opportunities to raise his concerns regarding the verdict form and the jury's purported inconsistent responses with the trial court. However, he failed to raise any objections that would have afforded the trial court the opportunity to consider and correct these issues. In view of the fact that Mr. Danna never objected to the jury verdict form, nor raised his concerns regarding the inconsistent responses rendered by the jury at either the reading of the verdict or in post-trial motions, Mr. Danna's assignment of error has not been preserved for appellate review.

Further, even if Mr. Danna properly preserved his claim for appeal, we do not agree with his argument that Question No. 5 was so redundant and confusing that the jury was incapable of reaching a verdict based on correct law and facts. To succeed on a negligence claim, a plaintiff must satisfy five elements under the duty-risk analysis pursuant to La. C.C. art. 2315: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) *the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element)*; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection argument); and (5) actual damages (the damages element).

---

[1] There is no indication in the record that Mr. Danna sent this correspondence to the trial court prior to the time he filed his motion for appeal.

*Cemo v. State Farm Mut. Auto. Ins. Co.*, 22-226 (La. App. 5 Cir. 2/1/23), 358 So.3d 913, 917, *writ denied*, 23-303 (La. 4/25/23), 359 So.3d 988.

Mr. Danna's arguments fail to recognize that Question No. 5 was essential to establish that Mr. Danna satisfied the third required element to prove a negligence claim.[2] The plain language of the prior questions presented to the jury did not serve to establish this element. Question No. 3 regarding the "percentages of negligence" followed immediately after the two questions asking if the parties "were negligent with regard to the automobile collision." It is likely, considering the contradictory testimony regarding the mechanics of the accident, that the jury assigned percentages based solely on the factual finding that both parties caused the immediate collision, rather than the broader legal question of assigning percentages for the negligence of each party responsible for Mr. Danna's alleged injuries. In addition, Question No. 4 only inquired about damages sustained as a result of the collision, rather than the more specific question of whether Mr. Chestnut's negligence caused Mr. Danna to sustain injuries.

We recognize that pursuant to *Ferrell v. Fireman's Fund Ins. Co.*, 94-1252 (La. 2/20/95), 650 So.2d 742, 747, the trial court should have first asked the jury whether Mr. Chestnut's negligence caused Mr. Danna's injuries before asking the

---

[2] In addition, the trial court provided the jury with detailed instructions on how to resolve Question No. 5:

> As to the requirement that the plaintiff's injury be caused by the defendant's conduct, I do not mean that the law recognizes only one cause of any injury, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things may operate at the same time, either independently or together, to cause injury or damage. You should resolve this question by deciding whether plaintiff would probably not have suffered the claimed injuries in the absence of defendant's conduct. If plaintiff probably would have suffered those injuries regardless of what the defendant did, then you must conclude that the injuries were not caused by the defendant, and render a verdict for that defendant. If, on the other hand, the plaintiff probably would not have suffered the claimed injuries in the absence of defendant's conduct, then you must conclude that the defendant's conduct played a party in the plaintiff's injury and you must proceed to the next element.

> These instructions are similar to standard instructions on this element provided in the Louisiana Civil Law Treatise, H. Alston Johnson III, *Civil Jury Instructions*, § 3.1 Negligence – General composite charge in ordinary case.

jury to assign a percentage of negligence or fault for each party.[3]  However, based on our analysis above, we do not find the jury instructions and verdict form contained information that was incorrect or misled the jury to the extent it was prevented from dispensing justice.  Accordingly, we do not find Mr. Danna was prejudiced by the improper sequence of the questions.  To the contrary, we find that substantial evidence exists to support the jury's finding that Mr. Chestnut's negligence did not cause Mr. Danna's injuries.

Defendants presented evidence that could have reasonably led the jury to question Mr. Danna's credibility regarding his version of how the accident occurred, as well as his claims that he injured his back as a result of the accident. As explained above, Mr. Danna's testimony regarding the speed he was travelling and the mechanics of the accident appear to have been contradicted by what his medical records indicate he reported to his doctors.  Thus, the jury could have reasonably determined that while each party had some responsibility for the initial collision, which only caused the truck to slightly skid, any injury Mr. Danna sustained to his back was caused by (1) the excessive speed he was travelling, (2) his subsequent act of turning back to see what occurred, and/or (3) his hitting the curb.

With respect to Mr. Danna's back injury, the jury heard and saw evidence that supported its conclusion that Mr. Chestnut's negligence did not cause injury to Mr. Danna, including, among other things, that (1) Mr. Danna did not report any injuries at the scene; (2) Mr. Danna did not report pain with shooting sensations to his toes to the doctor the day after the accident, despite his claims at trial to the contrary;  (3) Mr. Danna sent a text to his attorney stating, "I'm bout to treat the s_

---

[3] In *Ferrell*, *supra*, the Louisiana Supreme Court held that pursuant to La. C.C.P. art. 1812(C), a jury should "attribute a percentage of fault to a party only after it has determined that such party is negligent and that this negligence was a legal or proximate cause of the accident."

_ t out of the back haha"; and (4) Mr. Danna admitted that he played beach volleyball a week after the accident.

**DECREE**

For reasons stated above, we affirm the trial court's October 22, 2022 judgment in favor of defendants, Alexander Chestnut and State Farm Mutual Automobile Insurance Company, and dismissing the claims of plaintiff, Charles Danna, against them with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-131

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
NO ATTORNEY(S) WERE ENOTIFIED

### MAILED
RYAN P. GREGOIRE (APPELLEE)
SCOTT A. CANNON (APPELLEE)
SHANNON M. LIVERMORE (APPELLEE)
ATTORNEY AT LAW
122 VILLAGE STREET
SLIDELL, LA 70458

E. ERIC GUIRARD (APPELLANT)
ATTORNEY AT LAW
8254 ONE CALAIS AVENUE
SUITE 201
BATON ROUGE, LA 70809